**John Francis BENNETT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30719.**

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1971.

John Francis Bennett, pro se.

John L. Briggs, U. S. Atty., Aaron K. Bowden, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ Bennett appeals from the district court's denial of his petition for a writ of mandamus in which he sought to obtain free copies of his trial transcript and all other court documents pertaining to his conviction. We affirm.[1]

Although the appellant has no appeal or motion for collateral relief pending in any court, he asserts that as an indigent he is entitled to his own copy of his record in order to prepare a petition for post-conviction relief.

■ We do not agree with this contention. To the contrary, we have consistently held that a federal prisoner has no absolute right to copies of court records to search for possible defects, merely because of his status as an indigent. Skinner v. United States, 5th Cir. 1970, 434 F.2d 1036 [1970]; Walker v. United States, 5th Cir. 1970, 424 F.2d 278; Harless v. United States, 5th Cir. 1964, 329 F.2d 397.

■ In the recent case of Wade v. Wilson, 1970, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470, cited by appellant, the Supreme Court indicated that under "special circumstances" where state laws and procedure entitled the indigent to have access to his transcript, as on direct appeal, he can not thereafter be denied the right to borrow an existing transcript for the purpose of framing a petition collaterally attacking his conviction. No such "special circumstances" are alleged in the instant case, nor does the appellant allege that he is being unlawfully deprived of borrowed copies of the records and files in his case. We therefore perceive no compelling reason militating in favor of a departure from this court's previous decisions, supra. See Lucas v. United States, 6th Cir. 1970, 423 F.2d 683.

The judgment of the district court is affirmed.

Affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.