UNITED STATES of America,
Plaintiff-Appellee,

v.

Harry William THERIAULT, Defendant-
Appellant.

No. 71–1531

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1971.

Rehearing and Rehearing En Banc
Denied Sept. 16, 1971.

Harry Theriault, pro se.

Irwin W. Coleman, Jr., Asst. U. S. Atty., C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Harry William Theriault is a prisoner of the United States presently serving a sentence in the federal prison at Marion, Illinois. He filed a motion in the United States District Court for permission to borrow his trial transcript and record for use in preparing a motion to vacate his sentence under 28 U.S.C.A. § 2255 (1971).

The district court denied this relief, which ruling accords with numerous decisions of this Court. *See, e. g.,* Bennett v. United States, 437 F.2d 1210 (5th Cir. 1971); Skinner v. United States, 434 F. 2d 1036 (5th Cir. 1971); Walker v. United States, 424 F.2d 278 (5th Cir. 1970).

Theriault then filed a motion in the district court seeking temporary use of a copy of the record, and that the original record, including the transcript, be made available to him at the institution in which he is incarcerated so that he could copy the same at a lower cost than the fees regularly charged by the district court clerk's office. This motion also was denied. In his notice of appeal, Theriault emphasized that he sought merely the loan of the transcript for electrostatic copying.

In his brief filed on this appeal, Theriault states specifically that he de-

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of   N.Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

sires merely permission to make an electrostatic copy of his transcript on the less expensive machine available to him at the prison. The United States has shown in its brief that Rule 42 of the rules of the district court permits the review of case records, but prohibits removal of such records from the division of the district court to which they belong, other than by attorneys. As appellee points out,

> "[This] rule is similar to rules adopted by most courts for the protection of judicial records and the rule is founded in experience and reason. The danger of loss or destruction of the original records in criminal cases is a real one. The original records remain valuable and are irreplaceable as the years pass. The original record alone may obviate the necessity for a hearing on a 28 U.S.C. § 2255 petition and the necessity for the original record to prove the conviction may arise in a number of circumstances."

Furthermore, appellee has shown that the appellant can obtain a copy of these public documents from the Clerk's office merely by requesting one from the Clerk and prepaying the normal charge for copywork, which is not more than fifty cents per page and probably as low as twenty-five cents per page.

It appears that Theriault may have initiated these proceedings because he did not know that the Clerk's office could and would provide the type of copying of the record which he desires, at modest cost. At any rate, we find no error in the district court's refusal to send either the original or an extra copy of the record to him at Marion, Illinois.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.