**Larry Stanley CROSSLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 287, Docket 75–2077.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1975.

Decided June 23, 1976.

Michael Young, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, on the brief), for appellant.

Marc Marmaro, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., New York City, on the brief, John C. Sabetta, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before HAYS, MULLIGAN and MESKILL, Circuit Judges.

PER CURIAM:

In 1971 appellant Crossley pleaded guilty to two indictments charging him with armed robberies of federally insured banks in violation of 18 U.S.C. §§ 2113(a) and 2113(d) and was sentenced to fifteen years imprisonment on each charge, to run concurrently. On February 9, 1973 Crossley filed a motion, *pro se*, for a "Full Bill of Particulars" in the District Court for the Southern District of New York, requesting, *inter alia*, transcripts of his arraignment, guilty plea, and sentencing proceedings to be furnished to him at the Government's expense. This motion was denied as "frivolous." On January 31, 1975, Crossley, *pro se*, filed a "Motion to Obtain Documents In Forma Pauperis, Pursuant to Title 28, U.S.C. Section 1915." Crossley's supporting affidavit alleged that appellant was in custody "in violation of [his] Fifth Amendment Consti-

---

tutional rights inasmuch as [he] was deprived of Due Process Of The Law [in the proceedings leading to his convictions]" and stated that appellant needed the transcripts of his arraignment and sentencing proceedings in order to present his claim properly in an application pursuant to 28 U.S.C. § 2255. On January 31, 1975 the District Court denied this motion "for want of any sufficient showing." On May 14, 1975 we granted Crossley leave to appeal *in forma pauperis.* We affirm.

Since oral argument was heard in this appeal on November 3, 1975, the United States Supreme Court held in *United States v. MacCollom,* ——— U.S. ———, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) that an indigent federal prisoner has no unconditional right based upon the Due Process Clause of the Fifth Amendment to obtain at public expense transcripts of the prior judicial proceedings which led to his incarceration to aid him in preparing a petition under 28 U.S.C. § 2255. Therefore, the restrictions on the availability of free transcripts imposed by 28 U.S.C. § 753(f) which requires the indigent prisoner to make a showing to the District Court that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented . ." are consistent with the Constitution. In order to meet the statutory conditions established in 28 U.S.C. § 753(f) Crossley was required to present the District Court with some factual allegations indicating a denial of his Constitutional rights under the Fifth Amendment. As in *MacCollom,* however, the prisoner made only a "naked allegation" of deprivation of a Constitutional guarantee. *United States v. MacCollom, supra,* ——— U.S. at ———, 96 S.Ct. 2086. Since *MacCollom* is in all material respects identical with the situation in the present appeal, we affirm the District Court's order.

Affirmed.