UNITED STATES of America, Appellee,

v.

Russell LOSING, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Russell V. LOSING, Appellant.

Nos. 78–1264, 78–1395.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 29, 1978.

Decided Oct. 4, 1978.

Rehearings Denied Oct. 23, 1978.

Russell V. Losing, Terre Haute, Ind., pro se.

Robert D. Kingsland, U. S. Atty. and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT, and ROSS, Circuit Judges.

1.  18 U.S.C. § 4208(a)(2) provides:
    [T]he court may fix the maximum sentence * * * in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.

PER CURIAM.

Appellant Russell Losing, Jr., was convicted by a jury of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1976), possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (1976), and four counts of use of the telephone to facilitate distribution of heroin in violation of 21 U.S.C. § 843 (1976) and 18 U.S.C. § 2 (1976). The trial judge sentenced Losing to a total of fifteen years' imprisonment to be followed by a five-year special parole period. This court affirmed the convictions on appeal. *United States v. Losing,* 560 F.2d 906 (8th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977). Losing filed *pro se* motions in the district court for correction or reduction of sentence under Rule 35 [Fed.R.Crim.P. 35] and for a free transcript of his trial on the heroin charges. The district court denied the motions in two decisions which are consolidated on this appeal by Losing. We affirm.

I. *The Motion to Reduce Sentence—No. 78–1264.*

In this motion to reduce sentence under Rule 35, filed on March 12, 1978, Losing requests that the fifteen-year sentence he is now serving be recharacterized as one under 18 U.S.C. § 4208(a)(2) (1976) in order to make him immediately eligible for parole at the discretion of the Parole Commission.[1] In support of this request, Losing argues that his sentence is unduly severe in comparison to those imposed on his codefendant and on coconspirators who pled guilty and that his "salient factor" score of criteria bearing on parole eligibility is, by his calculation, only eleven points, which would make him a good candidate for parole.

Losing makes several additional contentions in his brief, claiming that the trial judge's exercise of sentencing discretion was "mechanical," that the judge was influ-

Losing alleges, and we assume for purposes of this appeal, that under his sentence as it stands he will not be eligible for parole until he has served sixty months or one-third of his sentence.

enced by "secret information" contained in a letter not of record, and that Losing was deprived of any opportunity to rebut statements contained in the presentence report. These issues were not mentioned even implicitly in Losing's motion to reduce sentence of March 12, 1978, on review here. Assuming, however, that these supplementary claims are properly before us, we find no support for them in the record. The "mechanical sentencing" rule of *Woosley v. United States,* 478 F.2d 139 (8th Cir. 1973), is plainly inapplicable on these facts, where the judge exercised his discretion to impose concurrent rather than consecutive sentences and where Losing's coconspirators were given a broad range of different sentences. We have examined the sentencing record in this case, and we find no error in the procedures employed by the district court.

The district court has considered repeated motions for reduction of sentence, brought both by counsel and *pro se,* on behalf of Losing and concluded each time that no reduction was warranted. Losing's latest motion raises no new matters except that self-computed salient factor score and the request that the parole board be allowed to immediately consider his eligibility for parole. "[A] motion to reduce a sentence under Rule 35 F.R.Crim.P. is entrusted to the district court's discretion; its ruling will not be disturbed except for a clear abuse of discretion." *United States v. Bickoff,* 531 F.2d 182 (3d Cir. 1976). This court cannot "substitute [its] judgment for the discretion committed solely to the district court." *United States v. Krueger,* 454 F.2d 1154, 1155 (9th Cir. 1972). (affirming the district court's denial of a Rule 35 motion to reduce).

There is nothing in this record to indicate that either the original sentence imposed or the denial of Losing's motion to reduce was an abuse of discretion. The district court's denial of Losing's motion to correct or reduce sentence is affirmed.

II. *The Motion for Free Transcript—No. 78–1395.*

Losing seeks a transcript to aid him in the preparation of a claim for postconvic-

tion relief under 28 U.S.C. § 2255. He states in his brief that he has not yet filed such a claim.

Under 28 U.S.C. § 753(f) (1970), transcripts may be furnished without charge to indigent persons "in proceedings brought under [28 U.S.C.] section 2255 * * * if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented * * *." We think it clear under this statutory language and the Supreme Court's decision in *United States v. MacCollum,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), that any request for a free transcript prior to the filing of a section 2255 complaint is premature.

Losing's motion for a free transcript is thus premature, and the district court's denial of that motion is affirmed.