**UNITED STATES of America, Appellee,**

v.

**Russell LOSING, Jr., Appellant.**

No. 79–1074.

United States Court of Appeals, Eighth Circuit.

Submitted June 20, 1979.

Decided June 26, 1979.

Russell Losing, Jr., pro se.

Robert D. Kingsland, U. S. Atty., and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

On November 29, 1978, Russell Losing, Jr. filed in the district court a "Motion for the 'Pre-Existing' Records and Transcripts under 28 U.S.C. § 753(b)." The district court denied the motion for the reason that "any request for a full transcript prior to the filing of a § 2255 complaint is premature." Losing filed a timely notice of appeal and was granted leave to appeal in forma pauperis by the district court. This court has previously ruled adversely to Losing on this issue. *See United States v. Losing,* 584 F.2d 289, 290 (8th Cir. 1978) (*Losing II*). We affirm the district court.

Losing's conviction is summarized in a prior opinion of this court.

Appellant Russell Losing, Jr., was convicted by a jury of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1976), possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (1976), and four counts of use of the telephone to facilitate distribution of heroin in violation of 21 U.S.C. § 843 (1976) and 18 U.S.C. § 2 (1976). The trial judge sentenced Losing to a total of fif-

teen years' imprisonment to be followed by a five-year special parole period. This court affirmed the convictions on appeal. *United States v. Losing,* 560 F.2d 906 (8th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977) [*Losing I*]. *Losing II, supra,* 584 F.2d at 290.

*Losing II* was the consolidated appeal of two orders of the district court denying motions filed by Losing. One of the motions denied is substantially identical to the motion presently before the Court.[1] The court disposed of the matter as follows:

Losing seeks a transcript to aid him in the preparation of a claim for postconviction relief under 28 U.S.C. § 2255. He states in his brief that he has not yet filed such a claim.

Under 28 U.S.C. § 753(f) (1970), transcripts may be furnished without charge to indigent persons "in proceedings brought under [28 U.S.C.] section 2255 * * * if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented * * *." We think it clear under this statutory language and the Supreme Court's decision in *United States v. MacCollum,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), that any request for a free transcript prior to the filing of a section 2255 complaint is premature.

Losing's motion for a free transcript is thus premature, and the district court's denial of that motion is affirmed.

*Id.*

In his present motion and brief Losing again states that he seeks the records and transcript from his criminal trial "for the purpose of eventually filing a 28 U.S.C. § 2255 motion." He emphasizes that he does not want a "free transcript" under section 753(f) but rather only seeks "access" to the existing records under section 753(b). Losing's whole access argument is derived from the decision of the Seventh Circuit in *Rush v. United States,* 559 F.2d 455 (7th Cir. 1977).

In *Rush* the Seventh Circuit concluded that indigent prisoners who are not represented by counsel have an "absolute personal right to reasonable access to the pre-existing files and records of their underlying case[s]" for the purpose of preparing and filing motions under section 2255. *Id.* at 458. The decision was predicated on 28 U.S.C. § 753(b) which states in part:

The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.

The court emphasized that meaningful access to the court requires access to the trial transcript and noted that a prisoner who could afford retained counsel would have access through his counsel. The court concluded:

Denying access to court files to prisoners, given the statutory inspection rights granted by 28 U.S.C. § 753(b), works an invidious discrimination which cannot pass muster under the equal protection pregnant of the Fifth Amendment's due process clause when the important substantive constitutional right of access to the courts is implicated.

*Rush v. United States, supra,* 559 F.2d at 459. The court ordered district courts to devise some method to allow prisoners seeking to prepare collateral attacks on their convictions reasonable access to their trial records, with appropriate safeguards to maintain the integrity of the records.

Based on 28 U.S.C. § 753(b) and on *Rush,* Losing contends he is entitled to "access" to the records even though he has not yet filed a section 2255 motion. Although the opinion of this court in *Losing II* does not discuss section 753(b) or *Rush,* these same

---

1. In *Losing II,* Losing sought only a transcript. In the present action he seeks "pre-existing records" and transcript. He does not specify what other records he desires.

This is not Losing's first request for other records. In March 1978 Losing wrote the district court requesting copies of certain documents in his file. This request was denied in an order dated April 10, 1978. Apparently no appeal was taken from that order.

arguments were presented to the court in that case, and the holding of the court implicitly rejects them. No other circuits have adopted the Seventh Circuit position, and the one reported district court opinion attempting to implement the instructions of the Seventh Circuit interprets *Rush* restrictively. *See United States v. Davidson*, 438 F.Supp. 1253 (N.D.Ind.1977).

*United States v. MacCollum*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), cited by this court in *Losing II*, held that the restrictions imposed by section 753(f) on the availability of free transcripts to indigent prisoners for collateral relief purposes are constitutional. *MacCollum* was decided before *Rush*, but the Seventh Circuit found it distinguishable, primarily because in *Rush* petitioners sought *pre-existing* records. The Court assumed that no cost to the government would accrue, thereby obviating any need to resort to the section 753(f) provisions for payment of transcript fees by the government. The no cost assumption seems questionable,[2] and, even if true, the distinction is tenuous. *MacCollum* was decided by a closely divided Court (4–1–4), and the "access" argument based on section 753(b) was not discussed in that case. Nevertheless, it is clear that a majority of the Court concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.

Affirmed.

---

**2.** It is not clear how prisoners can be given "access" to records without providing them free copies. The Seventh Circuit apparently contemplates sending the original record to the prison for use by the prisoner.