UNITED STATES of America, Appellee,

v.

Milton LEWIS, Appellant.

No. 79–1247.

United States Court of Appeals,
Eighth Circuit.

Submitted July 17, 1979.

Decided July 24, 1979.

Milton Lewis, pro se.

Andrew W. Danielson, U. S. Atty., and John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

The appellant was convicted of drug violations on January 31, 1977, and his conviction was affirmed by this Court on direct criminal appeal. *United States v. Lewis,* 567 F.2d 785 (8th Cir.), *cert. denied,* 435 U.S. 945, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978). On November 2, 1978, the appellant sought certain documents from the District Court and the motion was denied November 27, 1978.

On March 5, 1979, the instant petition was filed. The appellant sought a transcript and other documents from his criminal conviction. On March 14, 1979, the District Court[1] denied the petition and the appellant appeals asking this Court to reverse the District Court and provide him with a full stenographic transcript of his criminal conviction.

█ The issue on appeal is, thus, identical to that in *United States v. Russell Losing, Jr.,* 601 F.2d 351 (8th Cir. 1979), and we hold here, as we did there, "it is clear that a majority of the Court [the Supreme Court in *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." *United States v. Russell Losing, Jr., supra,* 601 F.2d at 353. *See also United States v. Losing,* 584 F.2d 289 (8th Cir. 1978), *cert. denied,* 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979). Although the record indicates that the appellant seeks a transcript to attack his conviction, the government asserts, and the appellant does not disagree, that to date, no suit has been filed by the appellant challenging his conviction pursuant to 28 U.S.C. § 2255. The District Court's dismissal should thus be affirmed.

It is so ordered.

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.