880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt Max Wilfried MILLER, Jr., Defendant-Appellant.
 No. 87-3646.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Alabama prisoner appeals the district court's order denying his request for a transcript and copies of documents filed in a prior criminal proceeding in federal district court for the Southern District of Ohio. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a "Motion to Produce," Kurt Max Wilfried Miller claimed that he was preparing postconviction motions concerning his Alabama state conviction; he requested copies of all papers filed in his federal court case in Ohio. In response to the magistrate's order, Miller filed an affidavit specifying the documents he wanted to review, and reasserted his claim that the documents were necessary to challenge his state conviction.
 
 
 4
 The district court denied the motion on grounds that Miller made no showing of why he needed the copies. Miller filed a motion for reconsideration in which he stated the documents were important to his effort to overturn his conviction. This motion was also denied.
 
 
 5
 Upon review we conclude that the district court did not abuse its discretion by denying Miller's request for a transcript or other documents. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976); United States v. Lewis, 605 F.2d 379, 380 (8th Cir.1979). The district court is authorized to grant a request for a transcript if a defendant can establish, by more than conclusory allegations, that the documents are necessary to decide the issues in a pending postconviction proceeding. MacCollom, 426 U.S. at 326. Review of the record reveals that Miller failed to present more than conclusory allegations that the transcript and other documents were necessary to decide the issues he intended to present in his collateral attack of his state conviction.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation