**UNITED STATES of America**

**v.**

**Freddy FABIAN.**

**Crim. No. 89–023P.**

United States District Court,
D. Rhode Island.

Feb. 28, 1991.

Edwin Gale, Asst. U.S. Atty., Providence, R.I., for U.S.

Freddy Fabian, Loretto, Pa., pro se.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant Freddy Fabian has filed a motion for transcripts to be provided at the government's expense so that he may prepare a claim under 28 U.S.C. § 2255. For the reasons set out below, Fabian has failed to meet the criteria of 28 U.S.C. § 753(f), the provision governing transcripts for indigents, and his motion is denied.

### I. Background

Fabian was tried before a court and jury in July 1989 and found guilty, along with his two codefendants, Victor Martinez and Hector Vidal. All of the defendants were sentenced on October 18, 1989. Each of the defendants was represented by retained counsel at trial. At the sentencing hearing, each of the defendants, including Fabian, was advised of his right to appeal his conviction and sentence.

Each of the defendants, including Fabian, filed timely notices of appeal. Fabian contends that he did not pursue his appeal because he could not afford to pay his attorney any additional money. His appeal was dismissed for want of prosecution on February 21, 1990. Fabian's codefendants, Martinez and Vidal, did press their appeals; on January 9, 1991, judgments were entered upholding their convictions and sentences. *United States v. Martinez*, and *United States v. Vidal*, 922 F.2d 914.

Fabian has now filed two motions, a motion to proceed in forma pauperis and a motion for transcripts. Both motions contemplate a later filing of a claim under 28 U.S.C. § 2255. In the motion for transcripts, Fabian asserts that he plans to challenge his conviction and sentencing based upon constitutional errors at his trial and sentencing hearing and also claims that he was further denied his rights when his counsel refused to prosecute his appeal. Fabian argues that without access to transcripts he will have to rely solely on his memory and, as a result, will not be able to present an adequate § 2255 claim.

### II. Legal Standard

The statute under which an indigent may obtain transcripts to aid in a § 2255 action is 28 U.S.C. § 753(f). It states, in part, that

Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. *Id.*

The leading case on § 753(f) is *United States v. MacCollom*, in which the Supreme Court upheld the constitutionality of the statute. 426 U.S. 317, 324–25, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (plurality); *id.* at 330, 96 S.Ct. at 2094 (Blackmun, J., concurring).[1] *MacCollom* was similar to the instant case. MacCollom, like Fabian, did not directly appeal his conviction and sentence. *Id.* at 319, 96 S.Ct. at 2088. MacCollom then filed a "Motion for Transcript in Forma Pauperis," which the court returned to him with the instruction that he must first file a motion under § 2255. MacCollom then filed "a complaint for Declaratory Judgment and Injunctive Relief,"

---

**1.** The defendant relies on *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), to support his unconditional right to a transcript. Although these cases can be distinguished from *MacCollom* (*Griffin*, for example, was a direct appeal case), this Court need not labor over such a delineation; the later *MacCollom* opinion clearly holds that the standards of § 753(f) adequately protect indigents' rights. 426 U.S. at 324–25, 96 S.Ct. at 2091.

in which he alleged that he planned to move for vacation of his sentence pursuant to § 2255. *Id.* He claimed that a transcript would show that he had ineffective assistance of counsel and that there was not sufficient evidence to support the guilty verdict. *Id.* Without a transcript, according to MacCollom, he would not be able to frame his arguments. *Id.* at 319–20, 96 S.Ct. at 2088–89. The district court treated this pleading as a § 2255 motion, appointed counsel and held a hearing. *Id.* at 320, 96 S.Ct. at 2089. After the hearing, the complaint was dismissed for failure to state claim upon which relief could be granted. *Id.* at 320, 96 S.Ct. at 2089. In sum, both MacCollom and Fabian failed to appeal directly and then claimed a right to a transcript before a § 2255 action was filed in order to assist in preparation of such a claim.

The Supreme Court, in addition to noting that MacCollom would have had a right to a transcript had he pressed a direct appeal, *id.* at 323–25, 96 S.Ct. at 2090–91 (plurality), stressed that § 753(f) does not require that a petitioner *prove* that his claim is valid, but only requires the threshold showing that the claim is not frivolous. *Id.* at 326, 96 S.Ct. at 2092 (plurality). The Court surmised that a petitioner should be able to meet such a low standard without the aid of a transcript:

> The usual grounds for successful collateral attack upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript [to support his claim] but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack. *Id.* at 327–28, 96 S.Ct. at 2092–93 (plurality) (quoting *U.S. v. Shoaf,* 341 F.2d 832, 835 (4th Cir.1964)).

The plurality thus held[2] that "the fact that a transcript was available had respondent chosen to appeal from his conviction, and remained available on the conditions set forth in § 753 to an indigent proceeding under § 2255, afforded respondent an adequate opportunity to attack his conviction." *Id.* at 328, 96 S.Ct. at 2093 (plurality).

■ As it is clear that the conditions of § 753(f) are valid, this Court must now determine whether Fabian has met those conditions. The very first condition is that the transcript is to be "furnished in proceedings brought under section 2255." 28 U.S.C. § 753(f). Although Fabian has indicated that he intends to file a § 2255 petition, he has not yet instituted such an action. In and of itself, the premature timing of Fabian's request for a transcript would be sufficient for a denial. *See U.S. v. Losing,* 601 F.2d 351, 352 (8th Cir.1979); *see also MacCollom,* 426 U.S. at 319, 96 S.Ct. at 2088.

■ The other conditions imposed by § 753(f) are that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Fabian's motion does not even come within striking distance of these requirements. Fabian states that he "proposes to challenge the legality of his sentence and conviction based upon constitutional errors which occurred during the above proceedings." Fabian has not indicated so much as which constitutional rights were violated, much less made the kind of factual allegations required by the statute. *See Crossley v. U.S.,* 538 F.2d 508, 509 (2d Cir.1976). It is simply impossible for this Court to determine, on this record, that Fabian's claims relating to his conviction and sentencing are not frivolous and that they require a transcript for their resolution.

■ Fabian also alleges in his motion for a transcript that his attorney refused to file an appeal without an advance of $6,000. According to Fabian, this violates his constitutional rights to due process and equal

---

**2.** Justice Blackmun concurred in the judgment of the four-Justice plurality, finding that the conditions of § 753(f) provided petitioners with the opportunity to present their claims fairly and that there was no need to consider the availability of a transcript on direct appeal. *Id.* at 329–30, 96 S.Ct. at 2093.

protection. While this statement is more specific than his reference to constitutional violations at trial, it does not sufficiently justify Fabian's failure to appeal. Fabian does not need a transcript to explain why he did not request appointed counsel to pursue an appeal when he was without sufficient funds to continue paying for private counsel.

Fabian has thus completely failed to meet the requirements of § 753(f). Because these requirements have been upheld by the Supreme Court, *see MacCollom,* 426 U.S. at 328, 96 S.Ct. at 2092, this Court must follow the dictates of the statute and cannot grant Fabian a transcript merely to hunt for *possible* errors. *See e.g., Losing,* 601 F.2d at 353; *Crossley,* 538 F.2d at 509; *Bennett v. U.S.,* 437 F.2d 1210 (5th Cir. 1971); *Bentley v. U.S.,* 431 F.2d 250 (6th Cir.1970), *cert. denied,* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971); *Benthiem v. U.S.,* 403 F.2d 1009 (1st Cir.1968), *cert. denied,* 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 247 (1969).

It is hereby ORDERED that defendant Fabian's motion for transcripts is DENIED.