UNITED STATES of America, Plaintiff,

v.

**Otis B. CHAMBERS, Defendant.**

**Crim. A. No. 87–CR–80933–DT–04.**

United States District Court,
E.D. Michigan, S.D.

March 23, 1992.

See also 715 F.Supp. 193.

John Roth, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Otis B. Chambers, in pro. per.

OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFEN-DANT'S MOTION FOR ·ORDER TO REQUIRE PRODUCTION OF TRIAL TRANSCRIPTS AND SENTENCING TRANSCRIPTS

ROSEN, District Judge.

Presently before the Court is Defendant's December 23, 1991 Motion for Order to Require Production of Trial Transcripts and Sentencing Transcripts. Defendant, now serving a sentence in federal prison, claims to be in the process of preparing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant says he needs trial and sentencing transcripts and all pre-trial records to prepare his § 2255 motion but is unable to pay for these documents. He requests that the Court furnish them without fees or costs.

Defendant correctly refers the Court to 28 U.S.C. § 753(f) for the proposition that [f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. *Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. § 753(f) (emphasis added).

■ Before addressing the instant motion, the Court will examine a conflict among the courts regarding the timing of the submission of a motion for free transcript. A review of the judicial treatment of § 753(f) as it applies to indigent prisoners filing § 2255 motions reveals two positions. The first position is that a free transcript pursuant to § 753(f) can never be supplied an indigent prisoner until after he has filed his § 2255 motion. *United States v. Losing*, 601 F.2d 351 (8th Cir. 1979); *Skinner v. United States*, 434 F.2d 1036 (5th Cir.1970); *United States v. Stevens*, 224 F.2d 866 (3d Cir.1955); *United States v. Fabian*, 758 F.Supp. 804 (D.R.I. 1991); *United States v. McKnight*, No. 84–303–2, 1988 WL 109108, 1988 U.S.Dist.LEXIS 11491 (E.D.Pa.1988). For ease of reference, the Court will term this

position the *"Losing* position." Under the *Losing* position, the decision whether to grant the request for a free transcript is to be made according to the factual allegations contained in the § 2255 motion itself.

The second position is that the court will consider a motion for free transcripts prior to the filing of a § 2255 motion and will grant the motion under special circumstances. *United States v. Shoaf,* 341 F.2d 832 (4th Cir.1964); *United States v. Glass,* 317 F.2d 200, 202 (4th Cir.1963) ("On the other hand, we do not accept the proposition that a district court can never furnish an indigent a transcript for the purpose of instituting a collateral attack on a criminal proceeding, where he has stated a proper ground for relief and a transcript is indispensable"). The Court will term this position the *"Shoaf* position."

It is unclear whether the Sixth Circuit favors the *Losing* or *Shoaf* position.[1] A 1963 case held that "neither Section 1915 nor Section 753(f) authorizes the furnishing of a transcript where there is no motion to vacate sentence pending in the District Court." *Ketcherside v. United States,* 317 F.2d 807 (6th Cir.1963). However, more recent decisions have suggested that the *Shoaf* position is in the ascendancy. In both *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir.1970), *cert. denied,* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971) and *Lucas v. United States,* 423 F.2d 683 (6th Cir.1970) the Sixth Circuit held that, under special circumstances, a free transcript may be provided a petitioner to enable him to prepare a § 2255 motion. Moreover, the court adopted the *Shoaf* position in an unpublished 1980 decision:

> The Court notes that generally a federal prisoner is not entitled to free transcripts under 28 U.S.C. § 753(f) in order to prepare an action under 28 U.S.C. § 2255. *However, where the prisoner states specific reasons why he believes his conviction is contrary to law and a transcript is indispensable to the filing of a motion, then it may be granted at government expense.*

*United States v. Harvey,* 617 F.2d 604 (6th Cir.1980) (unpublished) (emphasis added). However, as none of the Sixth Circuit decisions addressing this issue has squarely adopted one position or the other, the Court does not feel bound by Sixth Circuit precedent on this issue.

In reviewing decisions from other courts, the Court is troubled by the fact that the *Losing* position has not been comprehensively set forth in any of the decisions espousing it.[2] The statutory foundation for the *Losing* position appears to be the following language of § 753(f): *"furnished in proceedings brought under section 2255 of this title."* Apparently, some courts have interpreted this language as requiring the filing of a § 2255 motion before a request for a free transcript can be considered. In interpreting the almost identical language of a prior version of

---

**1.** In fact, the Court was unable to find a Sixth Circuit opinion which set forth a rationale for favoring one position over the other.

**2.** The seminal case on § 753, *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), focused on whether an indigent § 2255 petitioner had a constitutional right to the receipt of a free transcript. In that case, petitioner had filed a motion in which he alleged that he "intends to move this Court for vacation of his sentence pursuant to 28 U.S.C. § 2255." *Id.,* 96 S.Ct. at 2089. The district court treated this motion as a § 2255 motion and denied it. The Supreme Court limited its discussion to the question of entitlement to a free transcript. As the lower court had treated the motion for free transcript as a § 2255 motion, the question of the timing of the motion for free transcript never arose. However, to the

extent that *MacCollom* does mention the timing of the motion, it implies that a motion for free transcript may be filed before the filing of the § 2255 motion:

> Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's Sixth Amendment right to counsel, together with an additional explicit assertion that trial counsel had urged respondent to forgo his appeal, that court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*Id.* at 2092. The Supreme Court here indicates, without stating expressly, that a free transcript may be provided pursuant to "factual allegations" as opposed to a completed § 2255 motion.

§ 753(f) [3], the Third Circuit said: "It is equally clear that a motion under section 2255, being a collateral attack, is the beginning of a new proceeding, and therefore a transcript of the trial may not be obtained at government expense for the purpose of its preparation." *Stevens*, 224 F.2d at 868 (citations omitted); *McKnight*, 1988 WL 109108 at *1, 1988 U.S.Dist. LEXIS 11491 at *1. This statement appears to set forth the following syllogism: (a) before the filing of a § 2255 motion there is no § 2255 proceeding; (b) free transcripts may be provided only after a § 2255 proceeding has begun; (c) therefore, free transcripts may not be provided before the filing of a § 2255 motion.

The Court believes this argument rests on an overly narrow interpretation of the statutory language. The language of section § 753(f) is not limited to § 2255 proceedings, as suggested above, but rather to "proceedings *brought under* section 2255." The use of the phrase "brought under" expands the coverage of § 753(f) to all proceedings related to the § 2255 motion. This necessarily includes the motion for free transcript filed in anticipation of and preparation for a § 2255 motion. Accordingly, the Court interprets § 753(f) as incorporating all stages of a § 2255 action, including the preparation of a § 2255 motion.

Perhaps most important, the *Losing* position may result in significant unfairness to a § 2255 petitioner. Presumably, the sequence of events under this position is as follows. The indigent petitioner files his § 2255 motion with a concurrent or subsequent motion for free transcript. The judge then reviews the § 2255 motion to determine whether it is frivolous and whether a transcript is needed to resolve the issues. If nonfrivolous and needed, the judge would grant the motion for free transcript and permit the petitioner to amend his § 2255 motion with the benefit of the requested transcript. If frivolous or unnecessary, the judge would deny the motion for free transcript and consider the § 2255 motion as submitted.[4]

The problem with this sequence of events is that there may well be occasions in which a § 2255 motion may satisfy the nonfrivolous threshold only with the benefit of the relevant trial or sentencing transcript. Without such transcript, the petitioner with a worthy cause for relief would be denied a fair chance to present that ground to the court. A ground for relief supported only by the unsupported allegations of the petitioner may well strike a court as being more frivolous than the same ground supported by evidence from a trial or sentencing transcript. In other words, the petitioner may be denied evidence that would render his § 2255 motion nonfrivolous simply because the § 2255 motion, without that evidence, is considered by the court to be frivolous. It is, of course, likely that such a situation would be rare and that the transcript would add to the petition little that could not be readily supplied by the petitioner's memory.[5]

---

**3.** That section read, in relevant part: "Fees for transcripts furnished in criminal or habeas corpus proceedings...."

**4.** Realistically, a judge who denies a motion for free transcript would also most likely summarily dismiss the § 2255 motion under Rule 4 of Rules Governing Section 2255 Proceedings in the United States District Courts. That rule reads in relevant part:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified* (emphasis added).

As the standard for summary dismissal—plainly not entitled to relief—is similar to the standard for denial of a motion for free transcript—suit frivolous and transcript not needed for disposition—it seems likely that a judge who believes the § 2255 petitioner to be undeserving of a free transcript would similarly believe him unentitled to relief and would therefore summarily dismiss the § 2255 motion at this stage of the proceedings.

**5.** The Court agrees with the following statement of the Fourth Circuit describing the needs of a § 2255 petitioner as opposed to those of an appellant:

The usual grounds for successful collateral attacks upon convictions arise out of occur-

However, there may be some cases in which the transcript would aid the court in determining the merits of the § 2255 petition.

In sum, the Court favors the *Shoaf* position. Under this stance, the Court could accept and consider a motion for free transcript from an indigent petitioner *before* that petitioner has actually filed his § 2255 motion. The only difference between this position and the *Losing* position is the timing of the submission of the motion for free transcript. The standard for judging a motion for free transcript under the *Shoaf* position is as stringent as under the *Losing* position. The Court does not believe that a petitioner has the right to "comb the record in the hope of discovering some flaw." *Glass*, 317 F.2d at 202. Rather, a petitioner desiring a free transcript would still have to satisfy the strict criteria of § 753(f). Namely, he would be required to include in his motion factual allegations sufficient for the Court to determine whether (1) the motion is nonfrivolous and (2) the transcript is needed to decide the issues to be raised in the motion. 28 U.S.C. § 753(f). Failure to satisfy these conditions would preclude the petitioner from receiving a free transcript. However, under the *Shoaf* position, the petitioner would have the opportunity to satisfy these conditions *before* filing his § 2255 motion.

■ In sum, a § 2255 petitioner in this Court wishing to receive a free transcript must satisfy two conditions. As a preliminary matter, he must be certified to proceed in forma pauperis under § 1915.[6]

Next, he must submit a motion for free transcript setting forth specific factual allegations in support of his forthcoming § 2255 motion. The Court, in turn, will examine this motion to determine whether it is frivolous and whether the requested transcripts are needed to decide the issues to be raised in the § 2255 motion. It will then decide whether or not to grant the motion for free transcript.

■ In this case, the Court has received and reviewed Defendant's Application to Proceed In Forma Pauperis and, based on this application, will authorize Defendant to proceed in forma pauperis on his forthcoming § 2255 motion. However, Defendant's Motion for Order to Require Production of Trial Transcripts and Sentencing Transcripts fails to set forth factual allegations sufficiently specific to enable the Court to determine whether Defendant merits a free transcript.[7] Normally such failure would be fatal to Defendant's motion. However, as this is the first occasion for this Court to set forth its position on the standards governing free transcripts under § 753(f), the Court will permit Defendant to refile his motion for free transcript.

NOW, THEREFORE;

IT IS HEREBY ORDERED that Defendant's Motion for Order to Require Production of Trial Transcripts and Sentencing Transcripts be DENIED WITHOUT PREJUDICE. Defendant may once again seek the relief requested in his motion if, and when, he refiles his motion for transcript

---

rences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript or a partial transcript to support some ground of collateral attack, but rarely, if ever, would the defendant, himself, need a transcript of the trial to become aware of the events or occurrences which constitute a ground for collateral attack.

*Shoaf*, 341 F.2d at 835.

**6.** That section reads, in relevant part:
Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-

payment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
28 U.S.C. § 1915(a).

**7.** Defendant says only
... that these issues, to be raised in motion to vacate, set aside or correct sentence, pursuant to Title 28 U.S.C. § 2255 motion, satisfy the prerequisites of Title 28 U.S.C. §§ 753(f), 2250, and Title 18 U.S.C. 3006(A), and therefore, the Transcripts of proceeding should be furnished pursuant to those sections.
These bald allegations, however, are insufficient to satisfy the test set forth in § 753(f).

setting forth factual allegations sufficient to enable the Court to determine the merits of his motion under § 753(f).[8]

IT IS FURTHER ORDERED that Defendant be authorized pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis on his forthcoming § 2255 motion.

---

**8.** The Court observes that Defendant recently filed an appeal with the Sixth Circuit Court of Appeals. That appeal was denied. However, pursuant to that appeal, Defendant should have had the opportunity to obtain a copy of his trial and sentencing transcripts. The Court therefore assumes that Defendant had access to the relevant transcripts with which to prepare for his appeal. If so, the Court would advise Defendant to explain in any resubmitted motion why he no longer has access to these transcripts.