**UNITED STATES of America, Plaintiff,**

v.

**Oscar ESTUPINAN–PAREDES, Defendant.**

**Criminal No. 88–335 (JP).**

United States District Court, D. Puerto Rico.

June 4, 1997.

Guillermo Gil, U.S. Attorney, Hato Rey, PR, for Plaintiff.

Oscar Estupiñán Paredes, Fort Dix, NJ, pro se.

### *ORDER*

PIERAS, Senior District Judge.

**I. INTRODUCTION AND BACKGROUND**

Presently before the Court is petitioner's Motion for Enlargement of Time to File [a Petitioner Under] 28 U.S.C. Section 2255 (**docket No.** 188). In his motion, Oscar Es-

tupiñan Paredes asks for both an enlargement of time to file a petition for relief under 28 U.S.C. § 2255 and a free copy of both his "criminal docket" and the trial and sentencing transcripts from his case. Both requests are hereby **DENIED.**

Oscar Estupiñan Paredes was convicted in April 1989 for possession of cocaine with intent to distribute, on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C.App. § 1903. In July 1989, he was sentenced to serve a term of imprisonment of three-hundred and sixty (360) months followed by a five-year term of supervised release. This judgment was affirmed on appeal on October 24, 1990. Apparently, the prisoner would now like to file a motion under 28 U.S.C. § 2255.

## II. ENLARGEMENT OF TIME

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "[a] 1–year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C.A. § 2255 (West Supp.1997). The limitation begins to run on the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence;

*Id.* Estupiñan Paredes, noting the statutory one year limitation for motions under § 2255, asks the Court to enlarge his time for filing.

■ The problem with Estupiñan Paredes' motion for an enlargement of time is that he neither yet filed a motion under § 2255, nor even presented the Court with the basis for his planned motion. Therefore, the Court cannot determine whether an extension is necessary, because the Court cannot even ascertain the appropriate starting date for the one year period. In other words, his request for an extension is not ripe for adjudication. If he actually files a motion under § 2255, the Court will be able to ascertain the basis of his argument and thereby the starting point for the one-year limitation. At that point, we can decide whether an enlargement of time is necessary and, if so, appropriate.

## III. PROVISION OF FREE TRANSCRIPTS AND DOCKET

Estupiñan Paredes also asks the Court to forward to him at his place of incarceration, free of charge,[1] a number of documents relating to his case, including transcripts from both his trial and sentencing and "his docket."[2] The Court finds that it is neither compelled nor even permitted to do so.

■ The Supreme Court has never held that the Constitution bestows on prisoners any right to transcripts of their trial or sentencing. In fact, the Supreme Court has held that indigent prisoners pursuing motions under § 2255 *do not* have a constitutional right to transcripts. *United States v. MacCollom*, 426 U.S. 317, 325–326, 96 S.Ct. 2086, 2091–2092, 48 L.Ed.2d 666 (1976). Because we cannot conceive of any feasible reason for conferring on prisoners who have not yet filed motions under § 2255, such as the movant, any greater constitutional rights

1. Although Estupiñan Paredes never expressly requests that these items be sent without charge, he has neither enclosed any funds nor expressed any willingness or ability to pay for these items. The Court must infer that he wants these items delivered without cost to him.

2. The Court is not certain what Estupiñan Paredes means by "his docket." Because four other defendants were prosecuted in this case, we assume that Estupiñan Paredes wants only those docket entries pertaining to the government's case against him. Because the Court would deny his motion regardless of whether he sought the entire docket or just the entries dealing with him, the Court will not attempt to divine his exact meaning.

with respect to the provision of free transcripts than those bestowed on prisoners who have filed such motions, we hold that Estupiñan Paredes has no constitutional right to have his request for transcripts granted.

■ Nor does he have a statutory right. Congress has provided for Court provision of free transcripts under certain circumstances:

Fees for transcripts furnished in criminal proceedings to persons proceeding ... in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis,* shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C.A. § 753(f) (West 1993). As we noted above, the movant has neither filed a motion under § 2255 nor gone to the trouble of explaining any possible bases for such a motion. He has merely invoked his future plans to file such a motion as a ground for his request. The Court must therefore first determine whether we can even entertain Estupiñan Paredes' request under § 735(f).

Other courts have considered the issue. In *United States v. Chambers,* 788 F.Supp. 334 (E.D.Mich.1992), the court addressed a motion by a federal prisoner requesting trial and sentence transcripts, which the indigent prisoner said he needed in order to prepare his § 2255 motion. That court noted a split among those circuits that had addressed the issue of whether a court may consider a motion for free transcripts prior to the filing of a § 2255 motion. *Id.* (citing *United States v. Losing,* 601 F.2d 351 (8th Cir.1979); *Skinner v. United States,* 434 F.2d 1036 (5th Cir.1970); *United States v. Stevens,* 224 F.2d 866 (3rd Cir.1955); *United States v. Fabian,* 758 F.Supp. 804 (D.R.I.1991); and *United States v. McKnight,* No. 84–303–2, 1988 WL 109108 (E.D.Pa.) for the proposition that "a free transcript pursuant to § 753(f) can nev-

er be supplied an indigent prisoner until after he has filed his § 2255 motion;" citing *United States v. Shoaf,* 341 F.2d 832 (4th Cir.1964) and *United States v. Glass,* 317 F.2d 200 (4th Cir.1963) for the proposition that a court may "furnish an indigent a transcript for the purpose of instituting a collateral attack on a criminal proceeding, where he has stated a proper ground for relief and a transcript is indispensable"). Observing cogent dicta from the Supreme Court's *MacCollom* opinion, we adopt the *Losing* position and hold that we have no authority for making available to Estupiñan Parades, on the taxpayer's tab, any of the documents he requests.

In reaching the conclusion that prisoners have no constitutional right to have trial or sentencing transcripts provided free of charge, the Supreme Court implied that § 753(f) limited a district court's ability to expend public funds to provide transcripts to prisoners:

The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress. *Reeside v. Walker,* 11 How. 272, 291 [13 L.Ed. 693] (1851)[(1850)]. This particular statute [28 U.S.C. § 753] contains a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions ... Where Congress has addressed the subject as it has here, and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized. *Botany Mills v. United States,* 278 U.S. 282, 289 [49 S.Ct. 129, 132, 73 L.Ed. 379] (1929); *Passenger Corp. v. Passengers Assn.,* 414 U.S. 453, 458 [94 S.Ct. 690, 693, 38 L.Ed.2d 646] (1974).

*Id.* at 321, 96 S.Ct. at 2089. This passage clearly suggests that in order to grant the movant's request, we would have to be authorized to pay for his documents with the public's money. Because Estupiñan Paredes has not met the requirements of § 753(f), and because we can find no alternative authority for charging the public fisc for his request,

**42**

we hold that we could not, even if we had the desire to, grant his request.

The Court must also state that even if it were within our discretion to supply Estupiñan Paredes with the items he seeks, we would not do so. Even the cases that follow the *Shoaf* position require the requesting prisoner to state a proper ground for relief and explain why the transcripts are necessary. *Chambers,* 788 F.Supp. at 336. Estupiñan Paredes has not given the Court any inkling of the arguments he plans to make in his § 2255 motion. Without knowledge of his proposed argument, the Court could not determine the propriety of providing the would-be petitioner with free transcripts, and therefore would be compelled to deny his motion.

IT IS SO ORDERED.