**UNITED STATES of America, Plaintiff,**

v.

**David BUFORD, Defendant.**

No. 57–CR–141.

United States District Court
E. D. Wisconsin.

Oct. 9, 1958.

Edward G. Minor, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

David Buford, pro se., for defendant.

GRUBB, District Judge.

Petitioner was convicted by a jury of violating the Narcotics Acts and was sentenced on May 19, 1958 to the minimum mandatory sentence of ten years for a second offender. He was vigorously defended by an able and experienced attorney of his own choice. On September 22, 1958 he filed a petition from which appears that he wants (a) to make a motion for appeal, (b) petition the court to vacate and set aside the sentence under § 2255, Title 28 U.S.C., and (c) he petitions under § 1915(b), Title 28 U.S.C. for a transcript of the testimony and for the pleadings in the above action. This petition is in forma pauperis.

With reference to the motion to appeal, the attempt to appeal comes approximately four months from the entry of the judgment. The time for appeal has long since expired, and this court has no jurisdiction to extend the time for appeal.

In the petition the petitioner alleges the defense of entrapment. This court presided at the trial and hereby certifies that the defense of entrapment was raised and vigorously pressed by petitioner's counsel. Petitioner's counsel argued that alleged defense to the jury in great vigor and in great detail. He requested instructions on entrapment. The court did instruct the jury on entrapment. Entrapment is an affirmative defense. Section 2255, Title 28 U.S.C. does not serve the purpose of an appeal. No appeal was taken. If the court committed any error on the trial with reference to the defense of entrapment, such error could have been reached on appeal.

The petition to vacate and set aside the sentence is based on the alleged defense of entrapment. For the reasons set forth above, that is denied.

With reference to the petition for a transcript of the testimony, a transcript of the testimony would serve no purpose where the time for appeal has expired. This proceeding is not a substitute for a review by an appellate court by way of appeal. No possible purpose could be served by putting the government to the expense of furnishing a transcript of the testimony in the present circumstances. The statute regarding furnishing of transcripts does not cover this proceeding where it is sought to substitute § 2255, Title 28 U.S.C. for an appeal.

"* * * Section 2255, Title 28, does not provide a method to try over again cases in which defendants have been adjudged guilty of crime. Whether the questions raised be as to the sufficiency of the evidence or involve alleged error of fact or law, they may be raised only by timely appeal. * * *" Bocock v. United States of America, 7 Cir., 1955, 226 F.2d 720, certiorari denied 350 U.S. 999, 76 S.Ct. 552, 100 L.Ed. 863.

As stated in United States v. Stevens, 3 Cir., 1955, 224 F.2d 866, 868:

"* * * In other words, the government is authorized to pay for a

transcript only to prosecute an appeal in forma pauperis from a proceeding of which the transcript is a record. * * * "

If petitioner wishes a copy of the pleadings, he should obtain those from his counsel.

Petitioner's petition is hereby denied.