UNITED STATES of America, Plaintiff,

v.

William Douglas DAVIDSON, Defendant.

Nos. H Cr 74–56 and H Cr 74–143.

United States District Court,
N. D. Indiana,
Hammond Division.

Oct. 18, 1977.

Richard L. Kieser, U. S. Atty., South Bend, Ind., for plaintiff.

William Douglas Davidson, defendant pro se.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On March 18, 1974 the defendant, William Douglas Davidson, was indicted along with seven others in violation of Section 846, Title 21 of the United States Code, in Cause Number H Cr 74–56. Davidson was represented by retained counsel, Mr. Max Cohen and Mr. Donald Levinson. On June 17, 1974 a trial by jury began at Lafayette, Indiana, against all defendants including the defendant Davidson. On June 20, 1974 the defendant Davidson was severed as a result of his illness and at his express request and committed by order of the court for treatment.

On September 25, 1974 the indictment under Hammond Criminal Number H Cr 74–143 was returned charging the defendant Davidson with the same conspiracy as in the earlier indictment, alleged, however, to have continued to the date of the second indictment of September 25, 1974. The defendant Davidson was joined originally by twenty-five co-defendants and fourteen unindicted co-conspirators in the indictment. On October 21, 1974 and after the arraignment of the defendant Davidson to the new indictment, the superseded indictment under Hammond Criminal No. H Cr 74–56 was dismissed by the Government.

In the new proceedings, the defendant was represented by court-appointed counsel. Following his conviction by a jury on March 7, 1975 appeal was taken by the appointed defense counsel which raised a total of twenty-nine recognizable issues, many of which related to claims of error raised by defendant Davidson's indigent attorney. The convictions, including that of the defendant Davidson, were affirmed in *United States v. Harris*, 542 F.2d 1283 (7th Cir. 1976), cert. den. —— U.S. ——, 98 S.Ct. ——, 53 L.Ed.2d —— (1977).

A trial transcript and record in Cause No. H Cr 74–56 was prepared for the purposes of appeal at the request of Davidson's original retained counsel. That transcript is filed with the district court as part of the public record. Additionally, a copy was furnished to retained counsel for his preparation of the appeal. The court is informed that the trial transcript of H Cr 74–56 purchased by the retained defense counsel remains in the possession of that defense counsel as of this time.

On October 24, 1974 this court entered an order directing the official court reporter to file five copies of the completed transcript in H Cr 74–56 with the Clerk of this Court to be used by court-appointed counsel in the second conspiracy indictment in H Cr 74–143 (docket entry no. 184, entered October 24, 1974). Following the convictions, four copies of the transcript in H Cr 74–143 were prepared and delivered to the appointed counsel in the second case, in addition to the official court transcript delivered to the Seventh Circuit Court of Appeals and those copies prepared for the United States. The court is likewise informed that the appointed counsel's copy of the transcripts in H Cr 74–143 are retained by those appointed counsel, including the counsel for the defendant Davidson.

On August 18, 1977 the motion of the defendant Davidson was filed with the Clerk of the Court requesting an order to obtain trial transcripts and records "relative to William Douglas Davidson" in both causes, H Cr 74–56 and H Cr 74–143. No statement is made by the defendant Davidson as to the purpose for which the order is sought. Nor is there any representation by the defendant Davidson as to his efforts, if any, to obtain the records and transcript from his own counsel in both the above causes prior to his filing the motion in question.

In *Rush v. United States*, 559 F.2d 455 (7th Cir., decided June 29, 1977), the Court of Appeals for the Seventh Circuit was confronted with a motion for reporter's transcripts by two federally convicted defendants who had earlier unsuccessfully attacked their convictions by direct appeal. In their motion for the preparation of a transcript at government expense, they averred that they intended to prosecute a collateral attack upon their convictions, alleging violations of their Fifth and Sixth Amendment rights relating to ineffective assistance of counsel. The Court of Appeals held the matter in abeyance until a decision was made by the Supreme Court in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Following the issuance of that opinion, the Seventh Circuit established an exception to the principle articulated in *MacCollom* where there was available as a part of the public record in the district court, a transcript of the prior proceedings and directed the district court to make available under its local rule 16 (which is comparable to this district's rule 18) and a procedure along the lines of the Seventh Circuit's own local rule, Rule 5(c).

As in *Rush*, the transcripts were available as a matter of public record in both the cases involving the defendant. If *Rush* is to be taken literally and given its broadest interpretation, the district court is obligated under the mandate of *Rush* to deliver the entire records and transcripts of the proceedings in both these causes to the defendant without any showing of his need and purpose for his request. But so extended, the district court would have no basis on which to reject the claim of anyone, whether interested in the proceedings or not, for the delivery of the transcript and record to him if he was physically unable to examine the records within the Clerk's office itself. Such an absurd result could not be intended by the Court of Appeals; the decision in *Rush* must be examined more carefully on the basis of its facts and in view of the Supreme Court's decision in *MacCollom.*

In *MacCollom*, by a plurality decision, the court held that a district court was not required to provide a transcript of trial proceedings to a defendant seeking to collaterally attack his conviction when such defendant had failed to establish grounds for the basis for the appeal which would enable the court to make a preliminary determination of the merits of the petitioner's request. In *MacCollom* no trial transcript was apparently available, a distinction which the Seventh Circuit seized upon for issuance of its opinion in *Rush*. However, *Rush* does parallel *MacCollom* in that at least the petitioner provided some reason for the request made of the district court.

The defendant Davidson does not even indicate whether he intends to utilize the transcript in some collateral proceedings. Without such a touchstone, the opinion of the Seventh Circuit in *Rush* can be extended to ridiculous ends as indicated above.

Nor was there any apparent consideration in *Rush* of the alternative availability of the records and proceedings. In this case, the defendant Davidson was represented extensively by first retained counsel in H Cr 74–56 and by court-appointed counsel in H Cr 74–143, the latter case through appeal and petition to the Supreme Court.

Both counsel have in their possession as attorneys for this defendant (as well as others) the transcripts the defendant seeks to obtain.

The defendant should be required to make some demonstrable effort to obtain these materials that he now seeks at government expense from the court from those counsel who acted in his behalf in these cases in the past. As his counsel, they are obligated to maintain those records for him and to make them available to him at such time as he deems their services are no longer required or may be in question.

While the Seventh Circuit's opinion in *Rush* would require the court to establish some procedure to make the court's records and transcripts available to the defendant Davidson, this court believes that a preliminary procedure must be established to determine the actual need for involvement of the court at this stage. That procedure suggested is:

1. The defendant must exhaust his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel.

2. The defendant must set forth his efforts to exhaust his personal sources, and the results thereof, as part of any subsequent application to this court.

3. The defendant must make some showing as to the purpose for which the transcripts are sought from the court.

This preliminary procedure would satisfy both the petitioner's right of access to the public records concerning his conviction and those other interests that this court must preserve. Among those interests of concern to the court are the comparable interest of the nine co-defendants who were involved in that trial and such other persons involved who may have some similar need for these transcripts.

Additionally, the court must be concerned with the security of the records in its possession. A court must be concerned that some defendants might utilize the opportunities afforded by the procedures enunciat-

ed in *Rush* to alter or destroy valuable portions of the record. In cases which have developed in numerous volumes such as H Cr 74–143, the ability of an officer of the court or some other official of the government to protect and monitor the care of the records would be virtually impossible against someone who with purpose would seek to destroy it.

When the defendant has satisfactorily complied with the preliminary steps as ordered here, the court now establishes the additional procedure as follows:

1. Under the United States District Court for the Northern District of Indiana, Rule 18 and using the Circuit Rule 5(c), order that the United States Clerk for the Northern District of Indiana deliver by certified mail the record and transcript as may still be required by the defendant to the Warden of the Federal Penitentiary at Leavenworth, Kansas.

2. That the court direct the Warden to maintain custody and control of the record and transcript for a period of time of 30 days or such other period as the court deems necessary and proper; following which said period the warden would be required to return the record and transcript by certified mail to the Clerk of the Court.

3. That the Warden allow the defendant Davidson access to the records and transcript only under the direct supervision of an official of the prison and at such times, places and other circumstances as the Warden would deem necessary to insure that record and transcript would remain intact without alteration, destruction or other change.

In accord with the foregoing this matter is held in abeyance pending full compliance with this order.