**UNITED STATES of America ex rel. William Douglas DAVIDSON, Petitioner-Appellant,**

v.

**George WILKINSON, Warden et al., Respondents-Appellees.**

No. 78-2546.

United States Court of Appeals, Seventh Circuit.

Submitted March 13, 1980.*

Decided March 21, 1980.**

Charles R. Purcell, Loyola University, School of Law, Ilene F. Goldstein, Law Student, Chicago, Ill., for petitioner-appellant.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively decided that oral argument was unnecessary. The notice provided that any party could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 14(f). Neither party filed such a statement. Upon consideration of the briefs and the record, the appeal is submitted for decision without oral argument.

** This appeal was originally decided by unreported order on March 21, 1980. See Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

David T. Ready, Asst. U. S. Atty., South Bend, Ind., Richard A. Hanning, Asst. U. S. Atty., Hammond, Ind., for respondents-appellees.

Before SWYGERT, SPRECHER and TONE, Circuit Judges.

PER CURIAM.

In 1975, the petitioner, William Douglas Davidson, was found guilty of conspiracy to violate federal narcotics laws in a jury trial in the federal district court for the Northern District of Indiana. This court affirmed his conviction. *United States v. Harris*, 542 F.2d 1283 (7th Cir. 1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). In 1977, the petitioner, by then a resident of the federal prison at Marion, Illinois, applied to the district court for permission to review the record and transcript for the purpose of preparing a 28 U.S.C. § 2255 motion attacking the legality of his conviction. On consideration of the petitioner's motion, the district court held that the petitioner had to satisfy several preliminary requirements before the court would send him the requested court records. Pending some indication of the petitioner's compliance with these requirements, the trial court held the matter in abeyance. *United States v. Davidson*, 438 F.Supp. 1253 (N.D.Ind.1977). The petitioner apparently fulfilled the requirements and on December 19, 1977, Judge Sharp entered an order directing that the record and transcript be sent to the warden of the federal penitentiary and kept by him for 30 days. The order directed the warden to make the documents available to the petitioner "only under the direct supervision of an official of the prison and at such times, places and circumstances as the Warden shall deem

necessary to insure that the record and transcript shall remain intact without alteration, destruction or other change."[1]

The petitioner, discontent with the restrictions placed on his access to the court records and the periods of time granted to review them, filed two notices of appeal from the district court's order. This court in an unpublished order dismissed the appeals for want of appellate jurisdiction. *United States v. William Douglas Davidson*, Nos. 78–1090, 78–1091 (7th Cir. April 20, 1978). Although our order does not provide a reason for the conclusion that jurisdiction to review the district court's order was lacking, it is apparent that we accepted the reasoning of the U. S. Attorney that the district court's order was not a "final decision" within the meaning of 28 U.S.C. § 1291.

In the meantime, the warden of the Marion prison permitted the petitioner to review the court documents for certain periods of time each day under the supervision of prison employees. A log kept by one of those employees indicates that the petitioner consulted the record for a total of forty-nine hours between January 5, 1978, and February 7, 1978. Toward the end of this period, the petitioner initiated suit in the United States District Court for the Eastern District of Illinois, seeking to restrain the prison warden from returning the records to the Northern District of Indiana. Judge Foreman of the Eastern District dismissed the petitioner's suit and the petitioner sought to review his action by way of a petition for a writ of mandamus in this court. This court, in another unpublished order, found no abuse of discretion and refused to issue the writ. *United States ex rel. William Douglas Davidson v. George Wilkinson, Warden et al.*, Misc.No. 78–8077 (7th Cir. May 24, 1978).

---

1. The complete text of the order is as follows:

It is now the ORDER of this Court that the Clerk of this Court shall deliver by certified mail the record and transcript of this case as it pertains to this defendant to the Warden of the Federal Penitentiary in Marion, Illinois. Furthermore, the Warden is now Ordered to maintain custody and control of the record and transcript for a period of thirty (30) days following which the Warden is required to

return the record and transcript by certified mail to the Clerk of this Court. The Warden shall allow the defendant Davidson access to the record and transcript only under the direct supervision of an official of the prison and at such times, places and circumstances as the Warden shall deem necessary to insure that the record and transcript shall remain intact without alteration, destruction or other change.

Notwithstanding the petitioner's prior unsuccessful attempts to obtain review of the district court's rulings, he continued to seek redress in this court by way of numerous letters, motions, and other filings. In an order dated July 7, 1978, we suggested that the petitioner apply to Judge Sharp for additional time to review the record of the proceedings leading to his conviction. The petitioner did so. The district court in an order entered on November 15, 1978, found that the petitioner "had ample time in which to examine his transcript" and therefore denied the request for an extension. From that order, the plaintiff filed a timely notice of appeal. Petitioner was granted leave to proceed in forma pauperis and counsel was appointed to represent him on appeal. The petitioner's counsel urges that the district court's denial of his motion for additional time violated his right to meaningful access to the courts. The government responds by urging that this court lacks appellate jurisdiction and by arguing that the petitioner has failed to satisfy the prerequisites to obtaining court records.

An understanding of the contentions of the parties as to the appealability question and the merits starts with our decision in *Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). In *Rush* the petitioners had been convicted of various federal crimes in the United States District Court for the Eastern District of Illinois. After direct appeals proved unavailing, they moved that the district court permit them to review the record generated in their trial for the purpose of eventually filing motions attacking their convictions pursuant to 28 U.S.C. § 2255. The district court, construing the motion as one under § 2255, dismissed it, and the petitioners appealed.

We vacated the district court's order and remanded for further proceedings with directions. Our opinion indicates that jurisdiction was invoked under 28 U.S.C. § 2253. 559 F.2d at 457. We held that the district court erred in construing the motion as made under § 2255, because the motion did not seek to "vacate, set aside or correct the sentence." Instead, the motion was construed as one for the withdrawal of public documents. Noting that 28 U.S.C. § 753(b) makes court records open to inspection by any person without charge and the prisoners' constitutional right to access to the courts, we reasoned that the failure of a district court to provide access to court records to prisoners unable to inspect court documents in the office of the court clerk would work an invidious discrimination in violation of the due process clause of the Fifth Amendment. Consequently, this court, relying in part upon its supervisory powers, held that upon a proper application to inspect a preexisting court record, the district court should mail the record to a prisoner "providing appropriate safeguards to maintain the record's integrity similar to those detailed in our Circuit Rule 4(g)." 559 F.2d at 459.[2]

■ 1. *Appealability.* The *Rush* opinion did not examine the court's jurisdiction to review the action of the district court other than to cite 28 U.S.C. § 2253, and it cannot be regarded as determinative of the question in this case. In *Rush* the district court treated the petitioners' motion as one for relief pursuant to § 2255. Thus jurisdiction did lie in this court under § 2253 providing for review of "the final order" in a habeas corpus proceeding. *Rush*, however, went beyond merely reversing the district court's judgment. It recognized the rights of indigent prisoners to access to court documents prior to filing § 2255 motions. That is precisely the right that the petitioner relies on in this case. Because § 2255 has not as yet been invoked, § 2253 provides no basis for this court's jurisdic-

---

**2.** The Eighth Circuit has declined to follow. *Rush. See United States v. Losing*, 601 F.2d 351 (8th Cir. 1979); *United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979). The law in that circuit seems to be

that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.

601 F.2d at 353.

tion. Instead, the appealability of the district court's action should be tested under 28 U.S.C. § 1291 which confers jurisdiction in the courts of appeals to review "all final decisions of the district courts."

Had the petitioner filed a § 2255 motion and then been refused permission to inspect the court's documents, the trial court's order would be in the nature of a discovery order entered in the course of an action. Such orders are not in the usual case independently appealable and the petitioner would probably have to wait until final judgment and urge the district court's action as a basis for reversal. In the present case, however, no § 2255 action has been filed: The sole right asserted by the petitioner is the right to inspect public documents prior to initiating a § 2255 action in the district court. As such this case falls within an exception to the general rule barring immediate review of discovery orders. "Discovery judgments may also be subject to final judgment appeal if production of information is found to be the sole object of the district court proceeding." 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3914 at 578 (1976). Orders granting or denying petitions to perpetuate testimony pursuant to Fed.R.Civ.P. 27 and requests for letters rogatory, see id. at 28(b)(3), for example, are generally regarded as immediately appealable. Here, although the petitioner's ultimate goal is to attack his judgment of conviction, the only right he presently asserts is the right to review further the documents underlying that conviction. We hold that the district court's order denying him that right is a "final decision" within the meaning of 28 U.S.C. § 1291. Cf. Jones v. Superintendent, 460 F.2d 150, 152 (4th Cir. 1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973) (§ 1983 action to compel production of transcripts from a state).

▪ 2. The Merits. We do not regard this appeal as requiring that we pass on the correctness of the "preliminary procedure" established by the district court.[3] Although the U. S. Attorney maintains that the petitioner has failed to establish that the records which he seeks are unobtainable from his trial and appellate counsel, the district court did permit the petitioner to review the records once. Therefore, the district court implicitly decided that the petitioner satisfied whatever preliminary showing is necessary to invoke his right to see the documents.[4] Instead, we regard this appeal as raising the question of whether the restrictions placed by Judge Sharp on the petitioner's access to the records is in conformity with our opinion in Rush.

The propriety of the trial court's order placing the court records in the custody of the prison warden and providing that the petitioner would have access to them only under the supervision of an official of the prison cannot be doubted. In Rush we stated that when granting a prisoner access to court documents, the district court should

---

**3.** The district court imposed the following requirements before affording the petitioner access to the court's records:

    1. The defendant must exhaust his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel.

    2. The defendant must set forth his efforts to exhaust his personal sources, and the results thereof, as part of any subsequent application to this court.

    3. The defendant must make some showing as to the purpose for which the transcripts are sought from the court.

438 F.Supp. at 1255.

**4.** In any event, the district court's "preliminary procedure" does seem to conform with the factual premises underlying our opinion in Rush.

The Rush opinion's equal protection rationale depends on the implication of a fundamental right, i. e., the right to meaningful access to the courts. Thus, it would seem necessary in order to invoke the right that a prisoner indicate that the records are necessary to file some sort of action in the courts. In Rush, the prisoners indicated their intention to seek post-conviction relief. Second, Rush's holding was premised on the unavailability of obtaining access to the information contained in the court records by other means. The petitioners there did not have a copy of the court records. Nor did their attorneys who represented them in their direct appeals. Finally, the petitioners in Rush did not have the financial resources to retain counsel and thus to obtain vicarious access to the court documents.

"enter an order . . . providing appropriate safeguards to maintain the record's integrity similar to those detailed in our Circuit Rule 4(g)." 559 F.2d at 459. Circuit Rule 4(g) provides in pertinent part:

When the party withdrawing the record is incarcerated, the clerk, on the order of the court, will send the record to the warden of the institution with the request that the record be made available to the party under supervised conditions and be returned to this court before a specified date.

As the district court noted, "the court must be concerned with the security of the records in its possession. A court must be concerned that some defendants might utilize the opportunities afforded by the procedures enunciated in *Rush* to alter or destroy valuable portions of the record." 438 F.Supp. at 1255–56.[5] Similarly, we do not find objectionable the district court's requirement that the record be returned within a set period of time. Circuit Rule 4(g) provides that the record shall be returned "before a specified date." The records, after all, are court documents, not the personal property of the prisoner. He cannot be permitted to keep them indefinitely. The public as well as the prisoner has a right to access to them pursuant to 28 U.S.C. § 753(b). Moreover, in this case where the documents concern a conspiracy trial involving multiple defendants, the petitioner's co-defendants might desire access to the documents to pursue their own post-conviction remedies.

The questions which cannot be answered so categorically are (1) whether the particular time allotted by the district court for the petitioner's review of the records—30 days—was unreasonably short and (2) whether the district court erred in refusing to grant the petitioner's motion for an extension of that time. We believe both of these questions are reviewable only for abuse of discretion. Moreover, when, as here, the trial judge who makes the initial determination also presided over the proceedings the records of which are sought, his judgment on the length of time necessary to review the records is entitled to considerable weight on review.

The purpose of our decision in *Rush* was to afford indigent prisoners some means of obtaining the facts necessary to draft post-conviction motions for relief from their convictions or sentences. A section 2255 motion need only "set forth in summary form the facts" supporting the movant's grounds for relief. Rules Governing Section 2255 Proceedings, Rule 2(b). Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript if "the suit or appeal is . . . not frivolous and . . . the transcript is needed to decide the issue presented by the suit." In light of the rather limited purpose of affording prisoners access to court documents, the 30 day period granted here was not unreasonably short. The petitioner alleges that the court records are voluminous—some 16,000 pages by his estimate. Some of these records, however, should prove of only marginal utility to the petitioner because they concern H-74-Cr-56, a trial from which he was severed early in the proceedings. *See United States v. Harris*, 542 F.2d at 1313–14. The petitioner, of course, was present at the trial in H-74-Cr-143 and has not suggested that he lacks independent recollection of the events occurring at trial. Moreover, he should be able to glean at least some of the relevant facts from this court's opinion in *Harris*. The trial court did not abuse its discretion in permitting the petitioner only 30 days to review the records.

Similarly, we cannot say that the district court abused its discretion in refusing to grant the petitioner an extension of time to see the records. The petitioner's motion merely requests more time. It does not explain why 30 days was insufficient. Nor does it suggest any particular ground for relief which the petitioner hopes to pursue and for which additional review of the rec-

---

5. The district court's order delegating to the prison warden the power to determine the time and place that the petitioner would be permitted to review the transcript also seems permissible.

ord is necessary. The trial judge determined that the petitioner had "ample time" to examine his transcript, and no reason is apparent why the trial judge's judgment should be upset on review.

Accordingly, the judgment of the district court is affirmed.