UNITED STATES of America, Plaintiff,

v.

Lee Curtis GROCE, Defendant.

No. 92–CR–001.

United States District Court,
E.D. Wisconsin.

Nov. 24, 1993.

Steven Biskupic, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Lee Curtis Groce, pro se.

### DECISION AND ORDER

WARREN, Senior District Judge.

Before the Court is Lee Curtis Groce's Petition for Leave to Proceed *In Forma Pauperis* in obtaining trial transcripts regarding the above-captioned matter. For the following reasons, this petition is dismissed; however, the Court nevertheless finds that Mr. Groce may, in fact, be entitled to *review* such transcripts as part of the public record in this case pursuant to his constitutional right to access of the courts. To gain access to such transcripts, Mr. Groce must submit to the Court a letter indicating (1) that he has attempted, without success, to obtain a copy of such transcripts from his trial and appellate counsel; and (2) the purposes for which such transcripts are sought. If Mr. Groce satisfies these conditions, the Court shall order that (1) the Clerk of Courts deliver by certified mail the transcripts of this case contained in the court file to the Warden of the Federal Correction Institution in Oxford, Wisconsin, who shall maintain custody and control of such transcripts for thirty (30) days upon receipt; (2) the Warden allow Mr. Groce to review the transcripts for fifteen (15) hours under the direct supervision of prison officials and in such times, places and circumstances as deemed necessary by the Warden to ensure that the transcripts remain intact and to minimize administrative and institutional disruptions; and (3) after such time, the Warden return the transcripts by certified mail to the Clerk of Courts.

### I. BACKGROUND FACTS

On July 16, 1992, Mr. Groce was convicted after trial by jury in the above-captioned matter for drug and firearm-related offenses in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844. On October 19, 1992, this Court sentenced Mr. Groce to 78 months imprisonment; he was subsequently incarcerated at the Federal Correctional Institution at Oxford, Wisconsin. On October 23, 1992, Mr. Groce filed his Notice of Appeal with the Seventh Circuit; on November 2, 1992, this Court ordered that counsel be appointed for Mr. Groce to assist in his appeal. His sentence was affirmed by the Seventh Circuit on September 3, 1993. On October 21, 1993, the Clerk of Courts received from the defendant (1) a letter requesting a copy of the transcripts from his trial and sentencing, and (2) the instant Petition to Proceed *In Forma Pauperis* to avoid payment of requisite copying fees.

### II. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). An action is considered frivolous if there is no arguable basis for relief either in law or fact, *Denton v. Hernandez,* 504 U.S.

——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831, and, as long as the suit is not frivolous or malicious, a district court should grant the petitioner's request. *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989). While a district court may dismiss that part of the complaint it finds frivolous and allow the plaintiff to proceed *in forma pauperis* through trial on non-frivolous claims only, *House v. Belford,* 956 F.2d 711, 718–19 (7th Cir.1992), "if the district court grants *in forma pauperis* status *on appeal* for one issue, it must grant such status on all issues." *Dixon v. Pitchford,* 843 F.2d 268, 270 (7th Cir.1988) (emphasis added).

■ In making such determinations, the Court is obliged to give the plaintiff's *pro se* allegations, however unartfully pleaded, a liberal construction, *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–77, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Caldwell v. Miller,* 790 F.2d 589, 595 (7th Cir.1986); *Bates v. Jean,* 745 F.2d 1146, 1150 (7th Cir.1984), and must accept well-pleaded factual allegations as true. However, under 28 U.S.C. § 1915(d), even *pro se* allegations are required to contain at least "some minimum level of factual support," *White v. White,* 886 F.2d 721, 724 (4th Cir.1989), and persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios which cannot be inferred from the pleadings. *Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 758 (7th Cir.1988).

### III. *DISCUSSION*

■ As previously indicated, Mr. Groce has not filed a Petition for Post–Conviction Relief Pursuant to 28 U.S.C. § 2255 or any other claim in conjunction with his *in forma pauperis* petition. In addition, he did not appeal the September 3, 1993 judgment by the Seventh Circuit in this case. As a result,

Mr. Groce is not currently requesting that he be exempted from court costs, including transcript fees, with respect to any pending actions.

As an initial matter, this Court finds that 28 U.S.C. § 1915(a) does not authorize a party to proceed *in forma pauperis* in such a request when, as here, it is disencumbered from a pending action. Specifically, § 1915(a) provides, *inter alia,* as follows:

> "Any court of the United States may authorize the *commencement, prosecution or defense* of any *suit, action or proceeding,* civil or criminal, *or appeal therein,* without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor [emphasis added]."

It is apparent, then, that Mr. Groce's request for free transcripts, unassignable to any pending action, cannot be defined as "the commencement ... of [a] suit, action, or proceeding" as required by § 1915(a) to obtain *in forma pauperis* status. Mr. Groce, then, has placed the proverbial cart before the horse, as he may not seek free trial transcripts under § 1915 *before* commencing an action before the Court. As a result, the Court finds that his petition to proceed *in forma pauperis* is untimely and must be dismissed.[1]

Reading (as we must) his *pro se* request liberally, the Court, then, is left to review Mr. Groce's implicit assertion that he has a constitutional or statutory entitlement to receive free trial transcripts either (1) upon demand, or (2) because he intends to use such transcripts in presenting non-frivolous claims in an impending § 2255 action.

■ Regarding his former claim, it is clear that a prisoner is not *constitutionally* entitled, as a matter of course and upon demand, to receive such transcripts free of charge after direct appeal. Although an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed

---

1. Mr. Groce also failed to indicate on his *in forma pauperis* petition "the nature of [his] action, defense, or other proceeding" as required in this district. Although this oversight is, no doubt, attributable to the fact that he has not yet commenced an "action or proceeding" as delineated under § 1915(a), it nevertheless prevents the Court from engaging in the frivolity analysis required under § 1915(d) before *in forma pauperis* status may be granted.

for an effective defense or appeal," *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971), the government is not constitutionally obligated to provide free transcripts to a prisoner post-appeal. On October 23, 1992, Mr. Groce, through appointed counsel, appealed his sentence; trial and sentencing transcripts were entered into the record on December 9, 1992, and his sentence was affirmed by the Seventh Circuit on September 3, 1993. Mr. Groce, then, could have exercised his constitutional right to receive free copies of such transcripts upon direct appeal of his sentence.[2] Mr. Groce has not indicated to the Court whether he, through appointed counsel, exercised this right; however, it is clear that this right does not extend to requests to receive free copies of such transcripts post-appeal. Therefore, because Mr. Groce has not indicated good cause for his apparent failure to timely exercise such rights, he is not now constitutionally entitled to receive a copy of such transcripts free of cost.

■ Nor is Mr. Groce *statutorily* authorized, as a matter of course and upon demand, to receive a copy of such transcripts free of charge after direct appeal. Specifically, 28 U.S.C. § 753(f) reads, *inter alia,* as follows:

"... Fees for *transcripts furnished in criminal proceedings* to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes (emphasis added)."

Again, a party may receive such transcripts at the government's expense only if they are being "furnished in a criminal proceeding." As previously noted, the Seventh Circuit upheld the sentence imposed on Mr. Groce by this Court on September 3, 1993. Because he failed to pursue any further appeals, it is clear that criminal proceedings in this case have ended, as any impending collateral attack of his sentence under § 2255 would involve a civil proceeding. As a result, § 753(f) does not authorize Mr. Groce to

receive such transcripts free of cost in this case. *See United States v. Buford,* 165 F.Supp. 940, 941–42 (E.D.Wis.1958) (finding, *inter alia,* that "the government is authorized to pay for a transcript only to prosecute an appeal *in forma pauperis* from a proceeding of which the transcript is a record" and not in a § 2255 petition).

■ Regarding his latter claim, a prisoner is not constitutionally or statutorily authorized to receive free copies of trial transcripts simply because he or she intends to bring a § 2255 petition for post-conviction relief in the future. Specifically, 28 U.S.C. § 753(f) also provides that:

"... Fees for transcripts *furnished in proceedings brought under section 2255* of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal (emphasis added)."

The vast majority of courts have interpreted this language to mean that, until a prisoner actually "brings a proceeding under section 2255," he or she is not entitled under § 753(f) to have costs for creating or copying such transcripts paid by the United States. *See, e.g., United States v. Losing,* 601 F.2d 351 (8th Cir.1979); *Skinner v. United States,* 434 F.2d 1036 (5th Cir.1970); *United States v. Stevens,* 224 F.2d 866 (3d Cir.1955); *United States v. Fabian,* 758 F.Supp. 804 (D.R.I. 1991); *United States v. McKnight,* No. 84–303–2, 1988 WL 109108, 1988 U.S.Dist. LEXIS 11491 (E.D.Pa.1988). A few courts, however, have ruled that, under special circumstances, it is permissible to consider a motion for free transcripts prior to the filing of a § 2255 petition if necessary for use therein. *See United States v. Shoaf,* 341 F.2d 832 (4th Cir.1964); *United States v. Glass,* 317 F.2d 200 (4th Cir.1963); *United States v. Chambers,* 788 F.Supp. 334 (E.D.Mich.1992).

The Seventh Circuit has not directly addressed this issue; however, it tacitly approved the majority position advanced in

2. In addition, his attorney could have reviewed the transcripts entered into the record.

*Losing* and its progeny in *United States ex rel. Davidson v. Wilkinson,* 618 F.2d 1215 (7th Cir.1980):

> "A section 2255 motion need only 'set forth in summary form the facts' supporting the movant's grounds for relief. Rules Governing Section 2255 Proceedings, Rule 2(b). *Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript* if 'the suit or appeal is ... not frivolous and ... the transcript is needed to decide the issue presented by the suit.'"

*Id.* at 1219 (emphasis added).[3] This Court is also persuaded that the *Losing* approach best comports with Congressional intent.

Holding true to the language of the statute, only a prisoner who has *already filed a § 2255 petition* may receive free copies of trial transcripts under § 753(f). Congress made no exception in the statute for prisoners confronted with "special circumstances," and this Court finds it inappropriate to judicially legislate such a rule, which is subject to significant abuse, where Congressional intent is otherwise clear. Mr. Groce has not indicated any purported basis for challenging his conviction under § 2255,[4] and this Court is unwilling to circumvent the clear language of § 753(f) to promote a policy which would encourage "fishing expeditions" and other

---

3. *Wilkinson* does contain some language, however, which may mislead readers into believing that the Seventh Circuit disfavors the *Losing* approach in this context. Specifically, in footnote 2 of *Wilkinson,* the court notes that "the Eighth Circuit [in *Losing*] has declined to follow *Rush* [*v. United States,* 559 F.2d 455 (7th Cir.1977)]." *Wilkinson,* 618 F.2d at 1217 n. 2.

In both *Rush* (*see infra* pages 416–17) and *Losing,* prisoners who had their convictions affirmed on appeal sought to (1) receive free copies of their trial transcripts pursuant to 28 U.S.C. § 753(f), or (2) review trial transcripts already contained in the court file as part of the official record of the case pursuant to 28 U.S.C. § 753(b). The Seventh Circuit in *Rush* found that, when such transcripts are already contained in the record, § 753(f) is not implicated because no costs will accrue in creating the transcript, and a prisoner's constitutional right to access to the courts, embodied in § 753(b) requires that he or she be allowed to review such transcripts. *Id.* at 457; *see infra* pages 416–17. On the other hand, questioning the no-cost assumption employed in *Rush* when trial transcripts are already contained in the record, the Eighth Circuit in *Losing* denied the prisoner's request based on *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), where the Supreme Court applied § 753(f), without discussing § 753(b), in finding that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction under 753(f). *Id.* at 352–53, 96 S.Ct. at 2081–82.

Because the prisoner in *MacCollom* did not appeal his initial conviction, no trial transcript was ever entered into the record under § 753(b); as a result, the Supreme Court did not address the issue of whether or not a prisoner must be provided with the opportunity to review such transcripts if already a part of the record to satisfy his constitutional right to access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In *MacCollom,* then, the Supreme Court merely found the provisions of § 753(f) constitutional when used to deny *free copies of trial transcripts* to a prisoner preparing an impending § 2255 petition *who had not appealed his conviction;* had the prisoner in *MacCollom* appealed his conviction, and therefore gotten the trial transcript entered into the record, the Supreme Court would have been forced to reconcile the provisions of § 753(f) with the prisoner's constitutional right to access of such transcripts as embodied under § 753(b). The Seventh Circuit addressed this precise question in *Rush,* where it determined that the constitutional right of the prisoner to *review* trial transcripts included in court records, embodied under § 753(b), clearly outweighs any alleged restrictions on the providing of *free copies* of trial transcripts imposed by § 753(f). Fulfilling its obligation to interpret ambiguous statutes in a manner rendering them constitutional whenever possible, the Seventh Circuit in *Rush* adopted the "no cost assumption," thus highlighting the fundamental difference in language between § 753(f), which involves providing *free copies* of transcripts to prisoners, and § 753(b), which involves allowing prisoners to *review* trial transcripts contained in public records. This interpretation, eminently reasonable, obviated the need for the Seventh Circuit to declare § 753(f) unconstitutional when applied to a prisoner request to review trial transcripts contained in the record.

In *Wilkinson,* then, the Seventh Circuit correctly states that the Eighth Circuit in *Losing* declined to follow *Rush* in reconciling § 753(f) and § 753(b) by instead assuming that the Supreme Court would extend *MacCollom* in such circumstances. Clearly, however, this does not mean that the Seventh Circuit would reject the *Losing* approach in applying § 753(f) where a prisoner seeks *free copies* of transcripts *not currently entered into the record* because he or she failed to directly appeal his or her conviction; as indicated in the above-cited language in *Wilkinson,* the Seventh Circuit would likely follow the *Losing* approach in such circumstances.

4. As a result, it is clear that he is not entitled to receive copies of such transcripts free of cost under the *Shoaf* approach as well.

abuses by potentially litigious prisoners. Therefore, as we previously saw that a prisoner has no constitutional right to receive a free copy of trial transcripts post-appeal, the Court finds that Mr. Groce has no such entitlement simply because he intends to bring an impending § 2255 petition for post-conviction relief.

█ We do find, however, that Mr. Groce is entitled to *review transcripts from his trial and sentencing hearing which are contained in the court file* if, in fact, he intends to bring a § 2255 petition in the future. Specifically, 28 U.S.C. § 753(b) reads as follows:

> "Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim ... Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding

> .    .    .    .    .

> The reporter ... shall transcribe and certify such parts of the record of proceedings as may be required by any rule or order of court, including all arraignments, pleas, and proceedings in connection with the imposition of sentence in criminal cases ... He shall also transcribe and certify such other parts of the record of proceedings as may be required by rule or order of court ...

> The reporter ... shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made.

> The original notes or other original records and *the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge* [emphasis added]."

In *Rush v. United States*, 559 F.2d 455 (7th Cir.1977), prisoners who had been represented by appointed counsel at trial and on direct appeal sought transcripts of, *inter alia*, their arraignments and sentencing hearings, which had already been generated for use on direct appeal, for purposes of preparing a § 2255 petition. *Id.* at 456–57. As "no transcript fees would accrue because the 'records and files' sought of the underlying criminal case were already in existence," the Seventh Circuit held, *inter alia*, that the prisoners' request "could not properly be construed as a 28 U.S.C. § 753(f) request that fees for transcripts be paid by the United States;" as a result, the Court reviewed the prisoners' request under § 753(b). *Id.* at 458.[5] After noting that "prisoners have a substantive constitutional right of access to the courts and that inmate access must be 'adequate, effective and meaningful,'" *Rush*, 559 F.2d at 458 (*citing Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)), the Seventh Circuit observed:

> "Because such access is impossible without a trial transcript or adequate substitute, the Supreme Court has nearly uniformly required that the prosecuting sovereignty provide trial records to inmates unable to buy them. 'The only cases that have rejected indigent defendants' claims to transcripts have done so either because an adequate alternative was available but not used, *Britt v. North Carolina*, 404 U.S. 226[, 92 S.Ct. 431, 30 L.Ed.2d 400] ... (1971), or because the request was plainly frivolous and a prior opportunity to obtain a transcript was waived. *United States v. MacCollom*, 426 U.S. 317[, 96 S.Ct. 2086, 48 L.Ed.2d 666] ... (1976).' *Bounds v. Smith, supra*, 430 U.S. at 822 n. 8[, 97 S.Ct. at 1495 n. 8] ...

> *In any event, it must be underscored that the sought-after transcripts already exist. Denying access to court files to prisoners, given the statutory inspection*

---

5. Other courts have been critical of the Seventh Circuit's decision in *Rush* to apply § 753(b) rather than § 753(f) to the prisoner's transcript request. *See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir.1993) (concluding that "§ 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist"); *United States v. Losing*, 601 F.2d 351, 352–53 (8th Cir.1979). *See supra* note 3.

*rights granted by 28 U.S.C. § 753(b), works an invidious discrimination which cannot pass muster under the equal protection pregnant of the Fifth Amendment's due process clause when the important substantive constitutional right of access to the courts is implicated. Warden of Wisconsin State Prison (Moeck v. Zajackowski),* 541 F.2d 177 (7th Cir.1976). Because a 'privately retained counsel, under similar circumstances, when his client's resources are not unlimited, would [most assuredly study the record] for his client,' *United States v. Jonas,* 540 F.2d 566, 569, n. 3 (7th Cir.1976), we cannot hold this discrimination to be constitutionally harmless."

*Id.* at 458–59 (emphasis added). The Seventh Circuit then directed the district court, upon motion of the prisoners, to enter an order providing the prisoners "access to the record as well as providing appropriate safeguards to maintain the record's integrity." *Id.* at 459.

The circumstances in this case parallel those in *Rush.* Like the district court in *Rush,* we appointed counsel to represent Mr. Groce both before this Court and on appeal. On December 9, 1992, transcripts of his jury trial and sentencing hearing were included in the court file as required under Circuit Rule of the Seventh Circuit 11(b); therefore, because no costs will be incurred in preparing or copying such transcripts, § 753(f) is not applicable.[6] Presumably, Mr. Groce, like the prisoners in *Rush,* wishes to review the transcripts contained in the record in preparing an impending § 2255 petition; in such circumstances, he is entitled to review the court file, including such transcripts, given his constitutional right to access to the courts embodied in § 753(b).

His right to review the transcripts contained in the court file, however, is not unfettered, given the substantial public interest, acknowledged in *Rush,* in ensuring that "appropriate safeguards [are in place] to maintain the record's integrity." *Rush,* 559 F.2d

at 459. The safety and preservation of public records is always compromised when such documents are removed from the watchful eye of the Clerk of Courts and the security of the courthouse; as a result, the Court is compelled to institute several unobtrusive procedures in balancing Mr. Groce's right to review such transcripts with the costs and risks accruing to the public.

The Court shall adopt the safeguards developed by the district court in *United States ex rel. Davidson v. Wilkinson,* 618 F.2d 1215 (7th Cir.1980). In *Wilkinson,* a convicted drug felon applied post-appeal to his sentencing court for permission to review the record and transcript of his case for purposes of preparing a § 2255 petition. *Id.* at 1216. Pursuant to *Rush,* the district court allowed such review; however, it first required that the prisoner meet several preliminary requirements, including (1) exhausting his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel; (2) setting forth his efforts to exhaust his personal sources, and the results thereof, as part of any subsequent application; and (3) making some showing as to the purpose for which the transcripts were sought from the court. *Id.* at 1218 n. 3. After the prisoner met such requirements, the district court:

> "entered an order directing that the record and transcript be sent to the warden of the federal penitentiary and kept by him for 30 days. The order directed the warden to make the documents available to the petitioner 'only under the direct supervision of an official of the prison and at such times, places and circumstances as the Warden shall deem necessary to insure that the record and transcript shall remain intact without alteration, destruction or other change.' "

*Id.* at 1216. The prisoner appealed the time and condition restraints imposed by the district court. *Id.* at 1217.

---

6. Again, had Mr. Groce failed to appeal his sentence, trial transcripts would not have been included in record pursuant to Circuit Rule of the Seventh Circuit 11(b); therefore, because Mr. Groce has not brought a § 2255 petition, the

Court would have treated his claim as an untimely request for a free copy of his transcripts under § 753(f) pursuant to *Losing* and its progeny. *See supra* pages 414–16.

While noting that it did "not regard this appeal as requiring that [it] pass on the correctness of the 'preliminary procedure' established by the district court," the Seventh Circuit nevertheless approved such procedure, noting that:

"[i]n any event, the district court's 'preliminary procedure' does seem to conform with the factual premises underlying our opinion in *Rush*. The *Rush* opinion's equal protection rationale depends on the implication of a fundamental right, i.e., the right to meaningful access to the courts. Thus, it would seem necessary in order to invoke the right that a prisoner indicate that the records are necessary to file some sort of action in the courts. In *Rush*, the prisoners indicated their intention to seek postconviction relief. Second, *Rush*'s holding was premised on the unavailability of obtaining access to the information contained in the court records by other means. The petitioners there did not have a copy of the court records. Nor did their attorneys who represented them in their direct appeals. Finally, the petitioners in *Rush* did not have the financial resources to retain counsel and thus to obtain vicarious access to the court documents."

*Id.* at 1218 n. 4. The court then found the time and condition restraints imposed by the district court reasonable, observing that:

"[a]s the district court noted, 'the court must be concerned with the security of the records in its possession. A court must be concerned that some defendants might utilize the opportunities afforded by the procedures enunciated in *Rush* to alter or destroy valuable portions of the record.' [*United States v. Davidson*] 438 F.Supp. [1253] at 1255–56 [ (N.D.Ind.1977) ]. Similarly, we do not find objectionable the district court's requirement that the record be returned within a set period of time . . . The records, after all, are court documents, not the personal property of the prisoner. He cannot be permitted to keep them indefinitely. The public as well as

the prisoner has a right to access to them pursuant to 28 U.S.C. § 753(b)."
*Id.* at 1219.

Pursuant to *Wilkinson*, the Court requires that Mr. Groce meet the following preliminary requirements before he will be entitled to review the trial transcripts contained in the court file pursuant to § 753(b). First of all, Mr. Groce must indicate to the Court that he has attempted, without success, to obtain copies of such transcripts from his trial and appellate counsel. Presumably, the attorney appointed to represent him on appeal obtained a copy of the trial transcript in preparation of his or her argument before the Seventh Circuit; Mr. Groce, however, did not indicate in his request whether or not he has contacted his appellate attorney in attempting to secure a copy of such transcripts. Assuming the Court (and Mr. Groce) is satisfied that copies of trial transcripts procured in this manner are reliable, this procedure, while remaining cost-free to Mr. Groce, would eliminate the cost and risk exposure accruing to the public in a physical transfer of public records.[7] As a result, Mr. Groce will not be permitted to review the trial transcripts contained in the court file unless he first indicates to the Court that he has unsuccessfully tried to obtain copies of such transcripts from his court-appointed appellate counsel.

In addition, as a prerequisite to exercising his right to review such transcripts pursuant to § 753(b), Mr. Groce must indicate to the Court the purpose for which he seeks such transcripts. As noted in *Wilkinson*, to invoke the *Rush* rationale regarding the constitutional right to meaningful access to the courts, it seems necessary that a prisoner indicate that the records are necessary to file some sort of action in the courts. *Wilkinson*, 618 F.2d at 1218 n. 4. As previously mentioned, Mr. Groce failed to include in either his *in forma pauperis* petition or his letter to the Clerk of Courts his reasons for seeking review of his trial and sentencing transcripts;[8] as a result, the Court cannot ascer-

---

7. If not satisfied as to the accuracy or sufficiency of the copies of the transcripts so provided, the Court would nevertheless order that Mr. Groce be allowed to review the trial transcripts contained in the court file pursuant to § 753(b).

8. *See supra* note 4.

tain whether he, in fact, intends to collaterally attack his sentence in a § 2255 petition or instead desires them for some other non-prescribed purpose. In satisfying this requirement, Mr. Groce need not fully present the claims he intends to bring in seeking post-conviction relief; he must, however, indicate the nature of his intended claims and the information he hopes to discover in reviewing said transcripts.

Assuming Mr. Groce satisfies these prerequisites, the Court shall allow him to review trial transcripts contained in the court file; however, to protect the integrity of such items, the Court must adopt several procedural safeguards. First of all, because the transcripts in the above-referenced matter are not lengthy as the trial only lasted two days, Mr. Groce shall be allowed no more than fifteen (15) hours to review such items; prison officials shall document the precise dates and times provided to Mr. Groce to review the transcripts. In addition, the Court is satisfied that a thirty (30) day period of time is adequate for the Warden to allow Mr. Groce to review such transcripts; after such time, the Warden shall return them to the Clerk of Courts. Finally, Mr. Groce shall only be allowed to review such transcripts under the direct supervision of prison officials and in such times, places and circumstances as deemed necessary by the Warden to ensure that the transcripts remain intact and to minimize administrative and institutional disruptions.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Mr. Groce's Petition for Leave to Proceed *In Forma Pauperis* in obtaining trial transcripts in the above-captioned matter be DISMISSED. IT IS ALSO ORDERED that Mr. Groce be allowed to review such transcripts, as part of the public record in this case, pursuant to his right to access of the courts, if he indicates to the Court (1) that he has attempted, without success, to obtain a copy of such transcripts from his trial and appellate counsel; and (2) the purposes for which such transcripts are sought. Assuming Mr. Groce satisfies these conditions, the Court shall ORDER that (1)

the Clerk of Courts deliver by certified mail the transcripts of this case contained in the public record to the Warden of the Federal Correction Institution in Oxford, Wisconsin, who is ordered to maintain custody and control of such transcripts for thirty (30) days upon receipt; (2) the Warden allow Mr. Groce to review the transcripts for fifteen (15) hours under the direct supervision of prison officials and in such times, places and circumstances as deemed necessary by the Warden to ensure that the transcripts remain intact and to minimize administrative and institutional disruptions; and (3) after such time, the Warden return the transcripts by certified mail to the Clerk of Courts.

**SO ORDERED.**