**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 23, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1679

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 746-5 |
| ALFONSO CHAVEZ, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Alfonso Chavez, a leader in a Chicago street gang, was sentenced to 30 years' imprisonment after a jury found him guilty of participating in racketeering and drug-trafficking conspiracies and possessing cocaine with intent to distribute. We affirmed his convictions and sentence in 2014. *See United States v. Garcia*, 754 F.3d 460 (7th Cir. 2014), *cert. denied*, 83 U.S.L.W. 3581 (U.S. Jan. 12, 2015) (No. 14-7247). After that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

decision was issued, Chavez filed a motion in the district court asking for leave to inspect the record from the criminal case or, in the alternative, an order directing that his former lawyer turn over her case file. Chavez explained that he wanted to review the record while evaluating possible claims for a motion to vacate under 28 U.S.C. § 2255. Counsel had surrendered some of her file, Chavez said, but not all. As authority for his motion, he cited 28 U.S.C. § 753(b) and *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215 (7th Cir. 1980). The district court denied this request, reasoning that counsel had done enough to assist Chavez in obtaining copies of documents from the record and that Chavez had not identified what he was missing.

Section 753(b) provides that "[t]he original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." Inmates like Chavez cannot visit the clerk's office to inspect a court file, yet we recognized in *Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977), that unrepresented, indigent inmates "have an absolute personal right to reasonable access to the pre-existing files and records of their underlying case." The "statutory inspection rights granted by 28 U.S.C. § 753(b)," we reasoned, apply equally to inmates, and thus we concluded that "requests for the pre-existing record in the underlying criminal proceeding should be granted as of right by the district courts to prisoners seeking to use the record to prepare a collateral attack on their conviction." *Id*. at 459–60; *see also Smith v. U.S. District Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000) ("The public, including the parties to a suit, have a right of access to the records of a judicial proceeding.").

In *Davidson*, though, a district court had fashioned a "preliminary procedure" that obligated inmates seeking court records under § 753(b) to first clear several hurdles. One requirement was that the inmate first "exhaust his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel." 618 F.3d at 1218 n.3. In *Davidson* we did not "pass on the correctness of the 'preliminary procedure,'" *see id*. at 1218, nor have we after that decision. Even so, in the district court the government argued, and the court apparently agreed, that the *Davidson* "preliminary procedure" should be applied in situations like this one.

As in *Davidson*, we need not decide that question now. In his opening brief Chavez contends that the district court abused its discretion in denying his motion because, according to Chavez, the court assumed incorrectly that former counsel had given him the records he wanted. The government responds, however, that several months ago it sent Chavez a CD containing the full record, and thus the matter has been

resolved in his favor. In his reply brief Chavez acknowledges without contradiction the government's representation that he was given what he wanted. Thus we conclude that, because this appeal arises from Chavez's request to the district court for access to the record from his criminal case, the appeal effectively is moot and should be dismissed.

In his reply brief, though, Chavez urges us to declare that the one-year statute of limitations for § 2255 motions, *see* 28 U.S.C. § 2255(f), should be equitably tolled because the government opposed his request for access to the record. But Chavez has not yet filed a § 2255 motion, and there is no reason to think that his intended motion will be late. *See In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (explaining that inmate's "request to forgive the untimeliness of his forthcoming application" for collateral relief was premature because court had "no possible way to apply the timeliness rules" without knowing "that the papers will be late"). The limitations period did not begin to run until the Supreme Court denied Chavez's petition for a writ of certiorari in January of this year, so his filing deadline is still almost three months away. *See Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005); *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001). Chavez has possessed significant portions of the record for more than a year, and all of it since receiving the CD from the government. And in the context of deadlines for collateral review, equitable tolling is rare. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 683–84, 688 (7th Cir. 2014).

DISMISSED.