**Bryan CHAPMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 95–1388.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1995.

Decided May 17, 1995.

Rehearing Denied June 21, 1995.

Appellant pro se.

Andrew S. Dunne, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before McMILLIAN, FAGG and HANSEN, Circuit Judges.

PER CURIAM.

Bryan Chapman appeals the district court's [1] denial of his motion to reconsider an order denying counsel and discovery. We affirm.

▆ After sentencing on his plea of guilty to a drug offense, Chapman moved for appointment of counsel and for discovery to aid him in claiming ineffective assistance of counsel and government misconduct. He said he had affidavits supporting his proposed claims, but he neither filed the affidavits nor reported the facts in them. After the court denied Chapman's motions, he objected, filing a seventeen-page memorandum. The court took the objection as a motion for reconsideration and denied it. Chapman appeals that order. We review the denial of reconsideration for abuse of discretion without reviewing the denial of Chapman's original motions. *See Jensen v. Klecker,* 702 F.2d 131, 132 (8th Cir.1983) (per curiam).

▆ We held in *United States v. Losing,* 601 F.2d 351, 352 (8th Cir.1979) (per curiam), that under 28 U.S.C. § 753(f) and under Supreme Court authority "any request for a free transcript prior to the filing of a section 2255 complaint is premature." We also held

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case. *Id.* at 353. The district court correctly held that Chapman was not entitled to copies of transcripts at government expense in advance of filing suit.

We have carefully reviewed the entire record, including Chapman's memorandum in the district court. We find no abuse of discretion in the district court's denial of reconsideration of Chapman's requests for counsel, transcripts, and other discovery. We thus affirm. *See* 8th Cir. R. 47A.