**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-554**

---

In Re: STEPHEN MICHAEL O'KANE,

Petitioner.

---

On Petition for Writ of Mandamus. (CR-93-145)

---

Submitted: June 13, 1996                Decided: June 27, 1996

---

Before HALL, NIEMEYER, and MOTZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Stephen Michael O'Kane, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Michael O'Kane petitions this court for an extraordinary writ or a writ of mandamus. O'Kane, a federal prison inmate, is preparing to challenge his guilty plea to bank fraud, in violation of 18 U.S.C.A. § 1344 (West Supp. 1996). He asserts that, because of amendments to 28 U.S.C. § 2255 (1988), he must file his § 2255 motion by June 27, 1996. But O'Kane alleges that he must have certain documents from the district court and the government before he can file his motion.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court for N. Dist., 426 U.S. 394, 402 (1976). The writ is not available as a substitute for an appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Petitioner bears the heavy burden of showing that he has no other means of obtaining relief and that his right to such relief is clear and indisputable. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

We conclude that O'Kane has not borne this burden. As there is no 28 U.S.C. § 2255 motion pending, 28 U.S.C. § 753(f) (1988) does not entitle him to a free transcript at government expense. See United States v. MacCollom, 426 U.S. 317, 321-22 (1976). The district court will examine the files and records of the case when the motion is filed. 28 U.S.C. § 2255; Rule 4(b), Rules Governing § 2255 Proceedings. O'Kane is not required to set forth his claims in great detail in filing the § 2255 motion. Rule 2(b), Rules Governing § 2255 Motions. We do not have authority under 28 U.S.C.

2

§ 1651 (1988) to direct O'Kane's defense counsel to provide him with counsel's records. <u>See</u> <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587 (4th Cir. 1969).

Therefore, while we grant O'Kane leave to proceed in forma pauperis, we deny his motion for mandamus or other extraordinary writ. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>