**UNITED STATES of America, Appellee,**

**v.**

**Richard HORVATH, Defendant–Appellant.**

**Docket 97–1469.**

United States Court of Appeals,
Second Circuit.

Submitted May 20, 1998.

Decided Sept. 21, 1998.

Richard Horvath, Defendant–Appellant pro se.

Before: WINTER, Chief Judge, JACOBS, Circuit Judge, and CARMAN, Judge, United States Court of International Trade *.

PER CURIAM.

Richard Horvath was convicted in the United States District Court for the Northern District of New York (Scullin, *J.*) of a

---

* Hon. Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

drug-related offense in 1996 and is in prison. In aid of a contemplated motion pursuant to 28 U.S.C. § 2255, Horvath moved that same court in January 1997 to obtain a free transcript of his pre-trial and trial proceedings, pursuant to 28 U.S.C. § 753(f). Presumably because in forma pauperis status is a prerequisite for obtaining transcripts under § 753(f), Horvath moved simultaneously for leave to pursue the § 753(f) application in forma pauperis. The district court denied both motions on the ground that Horvath had waived his right to direct and collateral review of his conviction and sentence in return for the Government's agreement not to seek a sentencing enhancement. Horvath appeals from the denial of those motions, and now moves in this Court to pursue his appeal in forma pauperis.

◼ An indigent litigant may appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a); however, we are authorized to dismiss such an action if it is frivolous, i.e., if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); see 28 U.S.C. § 1915(e)(2)(B)(i) (1998 West Supp.). We agree with the district court that Horvath's request for a trial transcript pursuant to § 753(f) lacks a basis in law, and accordingly we find this appeal frivolous. We do not pass on the district court's reasoning, however, because we take a different route to the same conclusion.

Section 753(f) provides in relevant part:

Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f) (1994). Horvath has yet to file a § 2255 motion challenging his conviction or sentence. Based on the plain language and necessary operation of the statute, we conclude that a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed.

Section 753(f) provides for transcripts only in "proceedings brought under section 2255"; but no such proceeding exists until a § 2255 motion is filed. Thus one of the statutory prerequisites is the court's certification that the transcript is needed for the court to "decide" a § 2255 motion—not for the petitioner to prepare it. And of course, without a § 2255 motion in hand, a judge has no basis for certifying such a need, or even for determining (as the statute requires be done) whether the § 2255 motion is frivolous.

The part of § 753(f) authorizing transcripts for certain § 2255 movants was included in a 1965 amendment to that provision, and followed (verbatim) a recommendation of the United States Judicial Conference. See United States v. MacCollom, 426 U.S. 317, 336 n. 2, 96 S.Ct. 2086, 2096 n. 2, 48 L.Ed.2d 666 (1976) (Stevens, J., dissenting). In describing the need for such a provision, the Judicial Conference Report contemplated that a § 2255 motion would be filed before a transcript request. See Reports of the Proceedings of the Judicial Conference of the United States 100 (1961) ("The Committee brought to the attention of the Conference the hardship imposed upon indigent defendants and the Government when a motion to vacate sentence under 28 U.S.C. 2255 is presented to a successor judge and no transcript of the original trial is on file. At present, the statute does not provide for the furnishing at public expense of the transcript of a criminal trial for use in a proceeding brought under 28 U.S.C. 2255.").

The requirement that a § 2255 motion precede a request for a transcript under § 753(f) does not curtail relief under § 2255. A § 2255 motion need only set forth the movant's claims of error generally. See Rules Governing Section 2255 Proceedings, Rule 2(b) ("[The motion] shall specify all the grounds for relief which are available to the

movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."). The motion can be summarily dismissed if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Presumably, a movant who can plead facts sufficient to obtain certification under § 753(f) will be able to satisfy the non-onerous pleading standards for a § 2255 motion. And our interpretation of § 753(f) dovetails with the standard for summary dismissal because "the motion and the files and records of the case" will not "conclusively" defeat a § 2255 motion if a transcript is needed to decide a non-frivolous issue presented by the motion.

Other Circuits that have addressed this issue have required that a § 2255 motion be filed prior to a motion for a transcript pursuant to § 753(f). *See, e.g., Chapman v. United States,* 55 F.3d 390, 391 (8th Cir.1995) *(per curiam )* (holding that defendant was "not entitled to copies of transcripts at government expense in advance of filing suit"); *United States ex rel. Davidson v. Wilkinson,* 618 F.2d 1215, 1219 (7th Cir.1980) *(per curiam )* ("Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript . . . .") [1]; *see also MacCollom,* 426 U.S. at 320–21, 96 S.Ct. at 2089 (plurality opinion) ("The statute thus provides for a free transcript for indigent prisoners asserting a claim under § 2255. . . ."); *Walker v. United States,* 424 F.2d 278, 278–79 (5th Cir.1970) *(per curiam )* (affirming district court's denial of transcript where § 2255 motion was not pending).

We hold that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed. Because Horvath's motion pursuant to § 753(f) was premature, Horvath's motion for leave to proceed *in forma pauperis* in this appeal is denied. Our decision is without prejudice to any motion for leave to proceed *in forma pauperis* that may be filed together with a § 2255 motion.

---

1. The Fourth and Ninth Circuits have reached the same conclusion in numerous unpublished, non-precedential opinions. *See, e.g., In Re: O'Kane,* 91 F.3d 132, 1996 WL 379674, at *1 (4th Cir. June 27, 1996); *United States v. Audia,* 87 F.3d 1323, 1996 WL 337074, at *1 (9th Cir. June 18, 1996). *But see United States v. Shoaf,* 341 F.2d 832, 833–34 (4th Cir.1964) (noting—in an opinion issued prior to the enactment of the 1965 amendment to § 753(f) specifically authorizing transcripts in § 2255 proceedings—that a transcript may be provided to prepare a § 2255 motion).