**UNITED STATES of America, Plaintiff,**

v.

**Ronald BUMPUS, Defendant.**

**No. CRIM.A. 2:98–00185.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 3, 2001.

---

John J. Frail, Assistant United States Attorney, United States Attorney's Office, Charleston, WV, for Plaintiff.

Ronnie Bumpus, Elkton, OH, Pro se.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is a letter-form request by Ronald Bumpus for transcripts of (1) jury instructions given by the Court; and (2) his sentencing proceeding at the conclusion of

his criminal trial. The Court **DENIES** the request without prejudice.

A jury found Defendant guilty on all counts on January 28, 1999. He was sentenced on April 19, 1999. The Court of Appeals affirmed the Judgment on May 1, 2000. Although Bumpus is not now a "Defendant" or a party to any pending case in this judicial district, he asserts he is *"in the process* of preparing a § 2255 motion and those along with other transcripts are desperately needed." Letter at 1 (emphasis added).

The statutory mechanism by which the Court could grant an indigent defendant or movant a transcript at public expense is 28 U.S.C. § 753(f), which provides pertinently:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge ... certifies that the suit ... [1] is not frivolous and [2] that the transcript is needed to decide the issue presented by the suit or appeal.*

*Id.* (emphasis added). Our Court of Appeals has noted:

> [t]he purpose of the statute was to provide the means by which indigents might have the full and fair hearings, to which they are entitled, not to squander public monies upon the production of transcripts as to which no one has more than an idle curiosity. Furnishing a transcript, or a portion of it, ought to be responsive to the appearance of need for it, but the statute does not require more.

---

1. *Shoaf* suggested a transcript may be provided to aid in the preparation of a Section 2255 motion. The opinion, however, was issued prior to the enactment of the 1965 amendment to Section 753(f) specifically authorizing transcripts in Section 2255 proceedings. The case thus does not conflict with the Court's holding *infra.*

2. The Second Circuit noted "[o]ther Circuits that have addressed this issue have required

*United States v. Shoaf,* 341 F.2d 832, 836 (4th Cir.1964).[1]

The weight of authority, including decisions by our Court of Appeals, holds that Section 753(f) requires the filing of a Section 2255 motion as a *precondition* to a request for free transcripts being entertained by a district court. The Court of Appeals for the Second Circuit recently stated:

> Section 753(f) provides for transcripts only in "proceedings brought under section 2255"; but no such proceeding exists until a § 2255 motion is filed. Thus one of the statutory prerequisites is the court's certification that the transcript is needed for the court to "decide" a § 2255 motion—not for the petitioner to prepare it. And of course, without a § 2255 motion in hand, a judge has no basis for certifying such a need, or even for determining (as the statute requires be done) whether the § 2255 motion is frivolous.

> The part of § 753(f) authorizing transcripts for certain § 2255 movants was included in a 1965 amendment to that provision, and followed (verbatim) a recommendation of the United States Judicial Conference. In describing the need for such a provision, the Judicial Conference Report contemplated that a § 2255 motion would be filed before a transcript request.

*United States v. Horvath,* 157 F.3d 131, 132 (2nd Cir.1998).[2]

Based on *Horvath,* Bumpus' request for transcripts is premature. One must initially (1) file a Section 2255 motion, (2) receive approval to proceed *in forma pau-*

---

that a § 2255 motion be filed prior to a motion for a transcript pursuant to § 753(f)." *Id.* at 133. The court then observed:

> The Fourth ... Circuit[ ] ha[s] reached the same conclusion in numerous unpublished, non-precedential opinions. *See, e.g., In Re: O'Kane,* 91 F.3d 132, 1996 WL 379674, at *1 (4th Cir. June 27, 1996)[.]

*Id.*

*peris,* and (3) make the showing of necessity under Section 753(f) to establish entitlement to free transcripts. Accordingly, Bumpus' letter-form request is **DENIED** without prejudice.[3]

The Clerk is directed to (1) post a copy of this Memorandum Opinion and Order on the Court's public website at www.wvsd.uscourts.gov and (2) send a copy to the Defendant and counsel of record.

---

**3.** This result does not put Bumpus in the untenable position of having his Section 2255 motion subject to summary dismissal upon filing for failure to support his claims by specific references in the record. As *Horvath* observed:

> The requirement that a § 2255 motion precede a request for a transcript under § 753(f) does not curtail relief under § 2255. *A § 2255 motion need only set forth the movant's claims of error generally.* See Rules Governing Section 2255 Proceedings, Rule 2(b) ("[The motion] shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.").

*Horvath,* 157 F.3d at 132–33 (emphasis added).