

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# USA v. Chance A. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Chance A. Jackson" (2008). *2008 Decisions*. Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-16                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3007
_____

UNITED STATES OF AMERICA

v.

CHANCE A. JACKSON,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 04-cr-00087-001)
District Judge:  Honorable Jan E. Dubois

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: December 11, 2008)
_____

OPINION
_____

PER CURIAM.

        Chance A. Jackson appeals pro se from the District Court's post-judgment

order denying his motion for transcripts and other documents.  We will summarily affirm.

1

See 3d Cir. LAR 27.4 and I.O.P. 10.6

In May 2005, Jackson pleaded guilty to possession of a firearm by a convicted felon and possession of cocaine base in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844(a), respectively, and the District Court sentenced him to 48 months imprisonment. Jackson later filed a motion challenging his sentence under 28 U.S.C. § 2255. During that proceeding, the District Court entered an order noting that Jackson had twice been provided with copies of his entire criminal file with the exception of two hearing transcripts and directing the Deputy Clerk to provide Jackson with copies of those transcripts as well. The District Court ultimately denied Jackson's § 2255 motion on November 15, 2006. Jackson appealed neither his sentence nor the denial of his § 2255 motion.

On May 19, 2008, Jackson filed the document at issue here, which again requested transcripts and the production of "all documents" pertaining to his criminal proceeding so that he could "produce a substantial and effective appeal." The District Court, construing the document as a motion for transcripts and other documents, denied it as moot by order entered May 21, 2008. Jackson appealed.[1]

Although this Court notified Jackson that this appeal would be submitted

---

[1] We have jurisdiction under 28 U.S.C. § 1291 because the District Court's post-judgment order is effectively final. See Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 678 (3d Cir. 1986). We review the District Court's denial of a motion for transcripts and other services at the Government's expense for abuse of discretion. See United States v. Roman, 121 F.3d 136, 143 (3d Cir. 1997).

2

for possible summary action, he has provided no response suggesting that his request was not in fact moot. In addition, we are aware of no authority under which the United States may be required to pay the cost of transcripts when no proceeding is pending. See United States v. Horvath, 157 F.3d 131, 133 (2d Cir. 1998) (reviewing authority to the contrary). See also Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."). Accordingly, we will summarily affirm the District Court's order. Jackson's motion for counsel and motion "for extended law library privileges until late November 2008," neither of which raises any substantive claim or sets forth any conceivable basis for relief, are denied.