[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 10-13443
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-20596-MGC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Hernandez, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion to compel his former counsel to relinquish discovery material, including his trial transcript, and to equitably toll the one-year limitation period for filing a 28 U.S.C. § 2255 motion.[1] After review,[2] we affirm the district court.

"Fees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue . . . in forma pauperis shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). We have previously affirmed a district court's denial of a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255. *See Walker v. United States*, 424

---

[1]Although Hernandez's *pro se* notice of appeal from the order denying his motion mentioned the then-pending motion for reconsideration, the appeal from the denial of the motion for reconsideration is not properly before us because Hernandez failed to file an amended or second notice of appeal. *See Bogle v. Orange Cnty. Bd. Of Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (holding that "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not merely one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed").

[2]We review questions concerning subject matter jurisdiction, including ripeness, de novo. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). "We also review a district court's legal decision on equitable tolling de novo." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).

F.2d 278, 279 (5th Cir. 1970)[3] (holding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner is entitled to be furnished copies of court records without costs."). Moreover, "[b]ased on the plain language and necessary operation of [28 U.S.C. § 753(f)], . . . a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998); *see also United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (holding that, under the language of § 753(f) and the Supreme Court's decision in *United States v. MacCollum*, 426 U.S. 317 (1976), "any request for a free transcript prior to the filing of a section 2255 complaint is premature.").

The district court did not err in determining it could not reach the merits of Hernandez's § 753(f) request[4] because Hernandez had yet to file a § 2255 motion. *See Walker*, 424 F.2d at 278-79; *Horvath*, 157 F.3d at 132. By determining that it would likewise be premature to consider the merits of Hernandez's motion to equitably toll the one-year limitation period, the court correctly found that such a

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11 th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit before October 1, 1981.

[4] It was appropriate for the court to construe Hernandez's motion to compel as a request for a free transcript pursuant to § 753(f).

request would not be ripe for consideration until Hernandez filed a habeas action. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a court lacks subject matter jurisdiction to consider a § 2255 motion to vacate for timeliness before it has been actually filed because there is no case or controversy to be heard and any decision would be merely advisory). Accordingly, we affirm the district court's order.

**AFFIRMED.**